940 F.2d 1291
 138 L.R.R.M. (BNA) 2270, 119 Lab.Cas. P 10,869
 The CAREAU GROUP, dba Egg City, Plaintiff-Third
Party-Defendant-Appellant,
and
Tim Luberski, dba Hidden Villa Ranch, Plaintiff,
v.
UNITED FARM WORKERS OF AMERICA, AFL-CIO, Defendant-Third
Party-Plaintiff-Appellee.
 No. 89-55844.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 9, 1990.
Decided Aug. 6, 1991.
 
 Wayne A. Hersh, Finkle, Hersh & Stoll, Irvine, Cal., for the plaintiff-third party-defendant-appellant.
 Dianna Lyons, Lyons, Dunphy & Camacho, Sacramento, Cal., for defendant-third party-plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before NORRIS, HALL and RYMER, Circuit Judges.
 RYMER, Circuit Judge:
 
 
 1
 Appellant Careau Group, d.b.a. Egg City ("Egg City"), a producer and processor of eggs, and appellee United Farm Workers ("UFW") had a collective bargaining agreement under which UFW represented workers in all aspects of Egg City's egg production operation. Egg City sued UFW for damages under section 303 of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 187, alleging that the union engaged in a secondary boycott in violation of NLRA Sec. 8(b)(4), 29 U.S.C. Sec. 158(b)(4). The district court dismissed for lack of subject matter jurisdiction in a published opinion, Careau Group v. United Farm Workers, 716 F.Supp. 1319 (C.D.Cal.1989). We reverse.
 
 
 2
 UFW contends that it represents only agricultural employees and so is not subject to the NLRA; Egg City counters that some of its employees process eggs of other growers and therefore are commercial rather than agricultural. UFW sought summary judgment on the ground that the district court lacked subject matter jurisdiction because UFW is not controlled by federal labor law, but rather by California labor law.
 
 
 3
 The district court treated the summary judgment motion as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. It found that the jurisdictional question, whether UFW is a labor organization within the meaning of the NLRA, was distinct from the substantive question of whether UFW violated the secondary boycotting prohibitions of the NLRA. It then proceeded to find that all the elements of equitable estoppel are met, such that "Egg City's treatment of its workers as agricultural in terms of overtime compensation, and its silence to the UFW concerning the processing of outside producers' eggs estops Egg City from asserting a cause of action under the NLRA in the instant action." Careau Group, 716 F.Supp. at 1328. The court finally found that UFW was not a labor organization within the meaning of the NLRA.
 
 
 4
 * "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). However, where jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, "the trial court should employ the standard applicable to a motion for summary judgment." Id.
 
 
 5
 In this case, the jurisdictional issue is the merits. UFW does not dispute that it engaged in secondary boycotting. Its only defense is that such boycotting was not illegal because the NLRA's prohibition did not apply to it. To prevail on the merits, Egg City must show that UFW represented non-agricultural, commercial workers; that in turn requires Egg City to show that its employees processed outside eggs. Likewise, for there to be subject matter jurisdiction, Egg City must prove that UFW is subject to the NLRA; that similarly requires Egg City to prove that its employees processed outside eggs. Thus, the ultimate jurisdictional issue is precisely the same as the ultimate issue on the merits. As a result, the district court should dismiss for lack of jurisdiction only if there are no triable issues of fact.
 
 
 6
 Genuine issues of material fact are present. The parties dispute the extent and regularity of Egg City's processing of outside eggs. They also dispute whether Egg City concealed, and UFW knew about, the commercial activities--which is a different point. Given conflicting evidence on the nature of Egg City's operation, the action should not have been dismissed, but rather jurisdiction should be determined at trial on the merits.
 
 II
 
 7
 Because we reverse and remand on the ground that the district court should resolve jurisdictional facts that are intertwined with the merits at trial and not on a Rule 12(b)(1) motion, Judge Hall and I would not reach the issue of whether the district court also erred by applying equitable estoppel in this case. Judge Norris feels this issue should be reached, and that we should hold it was error for the court to rule that it lacks jurisdiction on the basis of what he characterizes as a "jurisdictionally irrelevant fact," that Egg City concealed facts from UFW.
 
 
 8
 We disagree for two reasons: It is unclear to us that the district court necessarily went astray where our colleague believes it did, and we would defer resolving a difficult issue--whether preclusion principles apply to jurisdictional determinations--until a clean record requires us to do so.
 
 
 9
 Judge Norris thinks the district court dismissed the action on the basis of a finding that Egg City concealed from UFW that its members were processing outside eggs, instead of on the basis of a finding that Egg City employees processed only Egg City eggs. He further assumes that the court held that Egg City was equitably estopped from establishing subject matter jurisdiction by proving that the UFW members in fact handled outside eggs. Given this reading, he would reverse on the footing that Egg City's concealment of jurisdictional facts cannot deprive the court of federal question jurisdiction.
 
 
 10
 The problem is, the district court did not actually find or conclude that it lacked subject matter jurisdiction because of Egg City's concealment. It did find that Egg City had acted in various ways to mislead UFW with respect to its status as an agricultural union and that the other elements of equitable estoppel were present. Based on these findings, it held that Egg City's conduct "estops Egg City from asserting a cause of action under the NLRA in the instant action." Careau Group, 716 F.Supp. at 1328 (emphasis added). In the context of UFW's contention that Egg City should be estopped from pursuing a damages remedy on account of its conduct, this can be read as a holding in UFW's favor on the merits.
 
 
 11
 The court made a separate finding that "the UFW is not a labor organization within the meaning of the NLRA." That is the ultimate jurisdictional fact. Its conclusion of law, immediately following, was that "[t]herefore, the Court lacks subject matter jurisdiction over the instant action." Id.
 
 
 12
 In short, the district court's ruling is not entirely clear. It may have gone astray by mixing up a merits issue (whether Egg City is estopped from pursuing its claim) on a jurisdictional motion. (To that extent it would have erred on the different ground that it should defer any such ruling until trial.) It may have done as Judge Norris supposes, but we cannot be sure that it did or that it erred. We prefer to let the district court untangle its own ruling.
 
 
 13
 Because we all agree that it was inappropriate to conclude UFW was not a labor organization when the facts about the nature and extent of Egg City's commercial operation were in dispute, the matter must go back for further proceedings. On remand, the district court should try the case, consider all the facts, resolve the factual disputes and make a finding with respect to UFW's status as a labor organization, conclude whether it has subject matter jurisdiction and if it does, decide whether Egg City is estopped from pursuing its statutory remedy.
 
 
 14
 REVERSED AND REMANDED.
 
 WILLIAM A. NORRIS, Circuit Judge, concurring:
 
 15
 Egg City makes two arguments in challenging the Sec. 12(b)(1) dismissal of its action for damages resulting from UFW's alleged secondary boycott in violation of 29 U.S.C. Sec. 187: (1) the district court erred in factfinding at the jurisdictional stage when the facts it found were entwined with the merits of the UFW's affirmative defense of equitable estoppel, and (2) the district court erred in holding that Egg City, even if it had concealed facts from the UFW as found by the court, could be equitably estopped from proving those facts to establish subject matter jurisdiction. The majority's opinion addresses Egg City's first argument and reverses and remands on that basis, but it leaves unresolved the pure question of law raised by Egg City's second argument.
 
 
 16
 While I agree with the majority that the district court erred in finding facts at the jurisdictional stage that are entwined with the merits, I believe the majority should not leave unresolved the legal question whether Egg City may be equitably estopped from proving, for jurisdictional purposes, facts it allegedly concealed from the UFW. It is a settled practice for our court to exercise its discretion to decide a legal question that has been ruled on below and briefed and argued on appeal when the case is being remanded to the district court for further proceedings. We decide such questions in the interest of efficiency because in doing so we relieve the parties, the district court and even possibly this court of the burden of revisiting the question at a later stage of the litigation. Since the question whether Egg City may be estopped from proving for jurisdictional purposes facts it allegedly concealed from the UFW is properly before us in this appeal and ripe for decision, no purpose is served in leaving the question unresolved on remand. It would be a different matter, of course, if the question were of constitutional dimensions, but it is not.
 
 
 17
 It is commonplace to decide such questions before remand even though technically unnecessary to the disposition of the appeal. See, e.g., Gregorian v. Izvestia, 871 F.2d 1515, 1526 (9th Cir.1989) (while reversing and remanding on ground that district court erred in refusing to set aside default judgment, we also addressed district court's rulings as to personal and subject matter jurisdiction "to provide guidance [on remand] in these potentially difficult areas"); United States v. Busher, 817 F.2d 1409, 1415 (9th Cir.1987) (even though district court failed to consider Eighth Amendment question, question addressed in order to guide district court on remand); Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1072 (9th Cir.1983) (addressing a question to provide guidance on remand); Matter of Ellis, 674 F.2d 1238, 1250 (9th Cir.1982) (same).
 
 
 18
 In my view the district court erred in ruling that Egg City was estopped from proving jurisdictional facts that it allegedly had concealed from the UFW.[1] Those facts related to whether Egg City employees handled the eggs of others, which, if true, could establish federal question jurisdiction because the employees arguably would not be exempt "agricultural" employees within the meaning of NLRA Sec. 2(3), 29 U.S.C. Sec. 152(3), as claimed by the UFW. See Camsco Produce Co., 297 NLRB No. 157 (1990) (employees who handle products other than employer's on a regular basis not "agricultural").
 
 
 19
 The district court did not dismiss for lack of subject matter jurisdiction on the basis of a finding that the employees handled only Egg City eggs. Rather, the district court dismissed on the basis of a finding that Egg City had concealed from the UFW that its members had handled eggs other than Egg City's. Thus the district court failed to make the jurisdictionally critical finding as to whether or not the employees in fact handled eggs of others; instead it ruled that it lacked subject matter jurisdiction on the basis of a jurisdictionally irrelevant fact--the Egg City had concealed facts from the UFW. This is clearly error. Federal question jurisdiction in this case turns not on whether the employer or the union concealed facts from each other, but on whether the employees are "agricultural" within the meaning of the statute.
 
 
 
 [1]
 Unlike the majority, I think it is clear that the district court dismissed this action for lack of subject matter jurisdiction, not on the merits. The district court concluded as follows:
 The Court finds that the UFW is not a labor organization within the meaning of the NLRA. Therefore, the Court lacks subject matter jurisdiction over the instant action.
 Accordingly, the Court dismisses the instant action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.
 Careau Group v. United Farm Workers, 716 F.Supp. 1319, 1328 (C.D.Cal.1989).