T.C. Memo. 2000-57


UNITED STATES TAX COURT


PHOTO ART MARKETING TRUST, JIMMY C. CHISUM, TRUSTEE, AND PHOTO ART PUBLISHING TRUST, JIMMY C. CHISUM, TRUSTEE, Petitioners <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16506-98.          Filed February 23, 2000.


Jimmy C. Chisum, for petitioners.

<u>David W. Otto</u> and <u>Doreen M. Susi</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (respondent's motion) and petitioners' motion to substitute party and change caption (petitioners' motion).  We shall grant respondent's motion and deny petitioners' motion.

## Background

For purposes of respondent's motion and petitioners' motion, the parties do not dispute the following factual allegations that are part of the record. At all relevant times, each petitioner was a trust organized under the laws of the State of Arizona and was engaged in business in that State. Each petitioner filed a Federal income tax return (return) for 1994, which was signed by Jimmy C. Chisum as agent for the trustee. Neither of those returns contained the name of the trustee or any information that enabled respondent to determine who the trustee of each petitioner was at the time each such return was filed.

Upon commencement of the examination of the 1994 return filed by each petitioner, respondent requested that each petitioner provide respondent with complete copies of the trust documents relating to each such petitioner as well as other items of substantiation. Each petitioner refused to provide respondent with the trust documents and other information requested.

At the time respondent issued the notice of deficiency (notice) to each petitioner, respondent's address records indicated an entity named D & E Sword Co. as the trustee for each petitioner. Respondent's address records were not based on any trust documents or other legal documents submitted by each petitioner that could constitute credible evidence regarding who was/is the trustee of each petitioner. Instead, respondent's

address records were prepared and updated in accordance with respondent's procedures and were based solely on correspondence submitted by each petitioner which alleged that D & E Sword Co. was the trustee for each petitioner.

The notice issued to petitioner Photo Art Marketing Trust was addressed as follows:

```
PHOTO ART MARKETING TRUST
SWORD D & E CO-TTES
P.O. BOX 4047
SEDONA, AZ 86340-4047 473
```

The notice issued to Photo Art Publishing Trust was addressed as follows:

```
PHOTO ART PUBLISHING TRUST
D & E SWORD TRUSTEE CO TTEE
P.O. BOX 4047
SEDONA, AZ 86340-4047 473
```

Photo Art Marketing Trust and Photo Art Publishing Trust jointly filed a petition in this Court. That petition was signed on behalf of Photo Art Marketing Trust and Photo Art Publishing Trust by Jimmy C. Chisum, "as Agent for D. & E. Sword Trustee Co., the Trustee of Photo Art Marketing Trust and Photo Art Publishing Trust".

Respondent's motion contends in pertinent part:

> 7. Arizona law provides that the trustee has the capacity to institute court proceedings on behalf of the trust. A.R.S. § 14-7233 C. 25. Mr. Chisum is not the trustee, but rather claims to be an "agent" for the trustee.

8. Arizona law does empower the trustee with the right to employ persons, including attorneys and agents, to assist the trustee in carrying out his duties. See A.R.S. § 14-7233 C. 24. However, the petition contains no evidence that Jimmy C. Chisum has been properly "employed" by the trustee in accordance with Arizona law.

     *     *     *     *     *     *     *

10. In summary, Mr. Chisum lacks the capacity to bring the instant suit directly on behalf of the trust because he is not the trustee. Additionally, Mr. Chisum lacks the capacity to represent the trustee or any other person in this proceeding because he is not an attorney or * * * otherwise admitted to practice before this Court.

11. Since the petition in this case was not brought by a party with proper capacity as required by T.C. Rule 60, this case should be dismissed for lack of jurisdiction.

Petitioners filed a response to respondent's motion in which they ask the Court to deny that motion. Petitioners' response to respondent's motion asserts in pertinent part:

As the Petitioner has now appointed John P. Wilde and Jimmy C. Chisum Trustees individually and not as agents for Trustee, D. & E. Sword Co. and that D. & E. Sword Co. has resigned as Trustee (See Notice of Substitution of Fiduciary filed with this Response) all actions will be taken by John P. Wilde in his capacity as Trustee of the Trusts. Since counsel for the Respondent has conceded that a Trustee of an expressed [sic] trust has the capacity to proceed, the Respondent's objections have been met and Rule 60(a), Rules of Practice and Procedure, United States Tax Court prohibits this Court from dismissing this action for lack of jurisdiction. John P. Wilde hereby files herewith the amended petition and ratifies by his signature below, the Petition originally filed by Mr. Chisum when he was acting in his capacity as agent for the former Trustee D. & E. Sword Co.

The Court had the document entitled "NOTICE OF SUBSTITUTION OF FIDUCIARY" referred to in petitioners' response to respondent's motion filed as petitioners' "Motion to Substitute Party and Change Caption". Petitioners' motion alleges in pertinent part:

> Notice is hereby given that John P. Wilde has been appointed as Co-Trustee of Photo Art Marketing Trust and Photo Art Publishing Trust along with Jimmy C. Chisum * * * and D.&E. Sword Trustee Co. has resigned * * *. John P. Wilde will be proceeding in his capacity as a Trustee of an Expressed [sic] Trust. * * *

Attached to petitioners' motion are two documents relating to petitioner Photo Art Marketing Trust and two documents relating to petitioner Photo Art Publishing Trust. Those two documents pertaining to each petitioner are entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" and "MINUTE OF TRUSTEE RESIGNATION". Except for the name "PHOTO ART MARKETING" which appears in the two documents relating to petitioner Photo Art Marketing Trust and the name "PHOTO ART PUBLISHING" which appears in the two documents relating to petitioner Photo Art Publishing Trust, the documents entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" and "MINUTE OF TRUSTEE RESIGNATION" are identical.

The respective documents entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" relating to petitioners state:

> D & E SWORD TRUSTEE CO., does hereby appoint J C Chisum & John Wilde, as the Successor Trustees for PHOTO ART MARKETING.

The appointment takes effect immediately and asks that the Successor waive all time and notice requirements in the appointment and resignation.

Executed this 21st day of December, in the year of Our Lord, 1998.

D & E SWORD TRUSTEE Co.
TRUSTEE


by:            /s/
     Donna Chisum, F/A for Trustee


ACCEPTANCE OF APPOINTMENT AS SUCCESSOR TRUSTEE

D & E SWORD TRUSTEE CO., does hereby accept the appointment of Successor Trustees and the resignation of J C Chisum & John Wilde. The above resignation and waiver of time is accepted, and with the accepting of SUCCESSOR TRUSTEES, J C Chisum & John Wilde, assume the duties and responsibilities as TRUSTEE for PHOTO ART MARKETING.

Executed this 21st day of December, in the year of Our Lord, 1998.


J C Chisum
TRUSTEE


by:        /s/
     J C Chisum, Trustee


John Wilde


by:        /s/
     John Wilde, Trustee

The respective documents entitled "MINUTE OF TRUSTEE RESIG-NATION" relating to petitioners state:

D & E SWORD TRUSTEE CO., does hereby resign the position as Trustee for PHOTO ART MARKETING. By special arrangement with the Successors, J. C. CHISUM & JOHN WILDE, all the time clauses in this act are waived. The resignation is immediate, final and ir-revocable.

This resignation takes effect immediately upon the signing and endorsement by the Successor Trustee.

This is intended to release D & E SWORD TRUSTEE CO., from all responsibility associated with the Trust.

Executed this 21st day of December, in the year of Our Lord, 1998.

D & E SWORD TRUSTEE CO.
TRUSTEE

by: /s/
Donna Chisum, F/A/ for Trustee

Ratified, Accepted, Acknowledged this 21st day of December, in the year of Our Lord, 1998.

J C Chisum

by: /s/
J C Chisum, Trustee

John Wilde

by: /s/

Respondent filed an objection to petitioners' motion (re-spondent's objection). That objection asserts in pertinent part:

5. To date, petitioners have never provided respondent with any trust documents or any other sort of documentary evidence regarding who was the first appointed trustee of the petitioners trusts. Without the trust documents themselves, it is impossible to

determine whether subsequent appointments of successor trustees are legal and/or valid.

6. Moreover, respondent's counsel contacted the Arizona Corporation Commission to determine the existence/validity of the entity petitioners refer to as D & E Sword Company. The Corporation Commission informed respondent's counsel that it had no record of any entity by that name ever existing in the State of Arizona. Further, the Corporation Commission informed respondent's counsel that it had no record of any entity incorporated in Arizona under the name of, or in reference to, an individual named Jimmy C. Chisum.

7. In response to respondent's Motion to Dismiss for Lack of Jurisdiction, petitioners provided to this Court copies of documents alleging that D & E Sword Company was removed as trustee and that both Mr. Chisum and Mr. Wilde have been appointed successor trustees.

8. There is absolutely no evidence from which the Court can adduce that the documents referred to in paragraph 7., above, create a legal assignment of Jimmy C. Chisum and John P. Wilde as successor trustees. The documents petitioners submitted appear to be self-serving and created solely in response to respondent's original Motion to Dismiss for Lack of Jurisdiction.

9. Petitioners have provided no evidence that said assignments are valid or authorized under the terms of the trust indenture (assuming one exists).

10. At a minimum, petitioners should be required to provide complete copies of the original trust document(s) wherein the initial trustee is appointed. Petitioners should also provide any and all documents regarding the chain of appointments of subsequent trustee appointments. If the initial trustee or any successor trustees thereafter were, in fact, an entity called D & E Sword Company, petitioners should be required to produce credible evidence establishing legal existence and validity of that entity.

11. Without the evidence described above in paragraph 10., petitioners have failed to demonstrate that either Jimmy C. Chisum or John P. Wilde were legally appointed as subsequent trustees authorized to

act on behalf of the trusts and bring the instant case before this Court. * * *

12. The capacity of Mr. Chisum and/or Mr. Wilde to act under Arizona law and bring the instant suit in this Court has not been established. For the foregoing reasons, and the reasons detailed in respondent's original Motion to Dismiss for Lack of Jurisdiction filed with the Court on or about November 27, 1998, and incorporated herein by this reference, the Court should dismiss this case for lack of jurisdiction.

Petitioners filed a reply to respondent's objection to petitioners' motion. In that reply, petitioners contend in pertinent part:

The Respondent's objection goes to the management of the trusts, their internal affairs, concerns about their administration, the declaration of rights and the determinations of matters involving the trustees. This issue falls within the exclusive jurisdiction of the superior court here in the State of Arizona. See A.R.S. § 14-7201. Under the circumstances, this court is powerless to determine whether the Petitioner's change of Trustees is valid. The Petitioners need not remind the Court of the consequences of taking any action over which subject matter is completely lacking. The internal affairs, administration and the rights and determinations of matters involving the Trustees is just one of those areas where this court is completely lacking in subject matter jurisdiction. Any objection the Respondent or Respondent's counsel has in this area must be taken up in the Superior Court, assuming of course the Respondent or Respondent's counsel has standing. The irony is of course, if Respondent or Respondent's counsel does take the matter up with the Superior Court, where the Respondent will have the burden of proof, and the Superior Court finds that the Trusts are valid, then the Respondent will be barred by res judicata from asserting the sham trust claim that forms the basis for his deficiency determination.

What this court really faces, in dealing with the Respondent's claims in the objection to the substitu-tion of fiduciary and in the Motion to Dismiss, is that

the underlying facts related to jurisdictional question raised in the Motion to Dismiss are inextricably intertwined with the facts going to the merits of the Petition pending in this Court. Therefore, the only course available to this Court is to defer consideration of the jurisdictional claims to the trial on the merits. <u>Careau Group v. United Farm Workers [of Am.]</u>, 940 F.2d 1291, 1293 (9th Cir. 1991). See also <u>Rosales v. United States</u>, 824 F.2d 799, 803 (9th Cir. 1987) ("A * * * [district] court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, <u>if the jurisdictional facts are not intertwined with the merits</u>." (Emphasis added))

Given the controlling law for this issue, it would be facially an abuse of discretion to deny the substitution of fiduciary when the initial filing from the Respondent objected to the Petition on the grounds that this Court lacked jurisdiction. Rule 60(a)(1), Rules of Practice and Procedure, United States Tax Court does not permit the Respondent to continue his jurisdictional challenge, when the substitution of the fiduciary answers all of the objections originally made in the Motion to Dismiss. The objection was that an agent for the Trustee cannot proceed in this matter. An agent for the Trustee is no longer proceeding. One of the Co-Trustees is proceeding in his own name. The fact that the Petitioners changed trustees to answer the objection is not a matter that this Court can concern itself with, unless the presiding judge is prepared to expose himself/herself, the Respondent and the Respondent's counsel to personal liability.

The Court held a hearing on respondent's motion and petitioners' motion. At that hearing, Jimmy C. Chisum (Mr. Chisum)

appeared on behalf of petitioners.[1]  At that hearing, Mr. Chisum

argued in pertinent part:

> The documents for the change of trustee to put me personally in that position predate the petition to the court.  We have not yet engaged in discovery.  When we engage in discovery, that seems a more appropriate time for the discovery items concerning the trust.  I do have concerns in the contract, about the privacy provisions of the trust in the contract and when and how I reveal that and that that's my concern as to why I have not yet submitted copies of the trust or those other documents of the lineage of trustee, so that the trust and correct trustee is myself in my personal capacity and Mr. Wilde in his personal capacity that's a part of the other motion.
>
> And since the Superior Court of the State of Arizona by that same state law has exclusive jurisdiction on the validity of the trust and the validity of the trustee as the party, it seems that this is a better process to be handled through the discovery than in a motion to dismiss, and perhaps the motion is just premature.
>
> \*      \*      \*      \*      \*      \*      \*
>
> \* \* \* In the original format of creating the trust there was a company trustee, and in my capacity in that company I have the ability to substitute trustees.  In order to clarify and remove question as to who would be the proper party to act and argue for the trust to create and to hold the jurisdiction where I could argue and have Mr. Wilde assist me in that argument, I elected to substitute the trustees before -- well, I substituted myself before the petition was due and then later decided that to have assistance in some of the case that I would also include Mr. Wilde.  But I was origi-

_____

[1]At the hearing the Court informed Mr. Chisum that its allowing him to appear at the hearing as the alleged trustee of each petitioner did not mean that the Court agreed that he in fact was a duly appointed and authorized trustee of each petitioner.

nally the real party of the trustee and I'm still the
original -- the real party.

### Discussion

Rule 60[2] provides in pertinent part:

    (a) Petitioner: (1) <u>Deficiency or Liability
Actions</u>: A case shall be brought by and in the name of
the person against whom the Commissioner determined the
deficiency (in the case of a notice of deficiency)
* * * or by and with the full descriptive name of the
fiduciary entitled to institute a case on behalf of
such person. See Rule 23(a)(1). A case timely brought
shall not be dismissed on the ground that it is not
properly brought on behalf of a party until a reason-
able time has been allowed after objection for ratifi-
cation by such party of the bringing of the case; and
such ratification shall have the same effect as if the
case had been properly brought by such party. * * *

    *      *      *      *      *      *      *

    (c) Capacity: * * * The capacity of a fiduciary
or other representative to litigate in the Court shall
be determined in accordance with the law of the juris-
diction from which such person's authority is derived.

The parties do not dispute that each petitioner is a trust

organized under the laws of, and doing business in, the State of

Arizona. Under Arizona law, see Rule 60(c), a trustee has the

power to commence litigation on behalf of a trust. See Ariz.

Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995). In the instant

case, each petitioner has the burden of proving that this Court

has jurisdiction, see <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348

(1975); <u>National Comm. to Secure Justice in the Rosenberg Case v.</u>

---

    [2]All Rule references are to the Tax Court Rules of Practice
and Procedure.

Commissioner, 27 T.C. 837, 839 (1957), by establishing affirma-
tively all facts giving rise to our jurisdiction, see Wheeler's
Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180
(1960); Consolidated Cos., Inc. v. Commissioner, 15 B.T.A. 645,
651 (1929).  In order to meet that burden, each petitioner must
provide evidence establishing that Mr. Wilde and Mr. Chisum have
authority to act on its behalf.[3]  See National Comm. to Secure
Justice in the Rosenberg Case v. Commissioner, supra at 839-840;
Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700
(1931).  We reject petitioners' position that under Arizona law
the validity of the purported appointment of Mr. Wilde and Mr.
Chisum as trustees of each petitioner falls within the exclusive
jurisdiction of the State of Arizona.

   We are not persuaded by the respective documents relating to
petitioners entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" and
"MINUTE OF TRUSTEE RESIGNATION" that Mr. Wilde and Mr. Chisum are

---

[3]Petitioners no longer contend that Mr. Chisum is authorized
to act on their behalf in this proceeding as the agent of D & E
Sword Co., and we conclude that they have abandoned any such
argument.  Even if they had not abandoned such an argument, on
the record before us, we find that petitioners have not shown
that Mr. Chisum was properly employed by the trustee of each
petitioner in accordance with the laws of the State of Arizona.
See Ariz. Rev. Stat. Ann. sec. 14-7233.C.24. (West 1995).  We
further find that, unless Mr. Chisum is a duly appointed and
authorized trustee of each petitioner, Mr. Chisum is not auth-
orized to represent or act in this proceeding on behalf of either
each petitioner or the trustee of each petitioner.  See Rules 60
and 200.

duly appointed and authorized trustees of each petitioner.  On the record before us, we find that each petitioner has failed to establish that Mr. Wilde and Mr. Chisum are authorized to act on its behalf.[4]

To reflect the foregoing,

> An order denying petitioners' motion and an order of dismissal for lack of jurisdiction granting respondent's motion will be entered.

---

[4]We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit and/or irrelevant.