T.C. Memo. 2000-64


UNITED STATES TAX COURT


SCENIC WONDERS GALLERY, LLC, PHOTO ART MARKETING TRUST,
TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20509-98.                    Filed February 29, 2000.


John P. Wilde, for petitioner.

<u>David W. Otto</u> and <u>Doreen M. Susi</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (respondent's motion).  We shall grant respondent's motion.

## Background

For purposes of respondent's motion, the parties do not dispute the following factual allegations that are part of the record. At all relevant times, Scenic Wonders Gallery, LLC (Scenic Wonders) was a limited liability company that is taxed as a partnership because it did not make an election to be taxed as a corporation. Scenic Wonders filed partnership income tax returns, Forms 1065 (returns), for taxable years 1995 and 1996. In those returns, it was indicated that there were two partners/members of Scenic Wonders, i.e., Photo Art Publishing Trust and Photo Art Marketing Ent. Consequently, the provisions of sections 6221 through 6234 apply.[1]

Respondent issued a Notice of Final Partnership Administrative Adjustment which was addressed as follows:

```
TAX MATTERS PARTNER
SCENIC WONDERS GALLERY LLC
PHOTO ART MARKETING ENTERPRISES
320 N 89A 14
SEDONA, AZ  86336
```

John P. Wilde (Mr. Wilde) timely mailed to the Court a petition purportedly filed on behalf of Scenic Wonders. Mr. Wilde identified himself in the petition as co-trustee of Photo Art Marketing Trust. Mr. Wilde further represented in the

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

petition that Photo Art Marketing Trust is the tax matters partner (TMP) for Scenic Wonders. Photo Art Marketing Trust was formed under the laws of the State of Arizona.

Upon commencement of the examination of the returns filed by Scenic Wonders for taxable years 1995 and 1996, respondent requested complete copies of the trust documents relating to Photo Art Marketing Trust, the purported TMP for Scenic Wonders, documentation regarding those returns, the nature of the business of Scenic Wonders, and the relationship of Scenic Wonders to its alleged owners, as well as other items of substantiation. Neither the trust documents nor the other documents and information requested was provided to respondent.

Respondent's motion contends in pertinent part:

15. * * * all of respondent's records regarding the TMP trust [Photo Art Marketing Trust] indicate an entity named D & E Sword Company is the trustee. These records are based upon representations made by the TMP trust to respondent in correspondence, and in representations made by the TMP trust in its petition with this Court in a related docketed case (Docket No. 16506-98).

16. Respondent's counsel contacted the Arizona Corporation Commission to determine the existence/validity of the entity called D & E Sword Company. The Corporation Commission informed respondent's counsel that it had no record of any entity by that name ever existing in the State of Arizona. Further, the Corporation Commission informed respondent's counsel that it had no record of any entity incorporated in Arizona under the name of, or in reference to, an individual named John P. Wilde.

17. There is absolutely no evidence from which the Court can adduce that there has been a legal assignment of John P. Wilde as the Co-Trustee of the TMP Trust.

18. Petitioner has provided no evidence that Mr. Wilde's appointment as Co-Trustee is valid or authorized under the terms of the TMP trust indenture (assuming one exists).

\* \* \* \* \* \* \*

20. \* \* \* petitioner has failed to demonstrate that John P. Wilde was legally appointed as Co-Trustee authorized to act on behalf of the TMP trust and bring the instant case before this Court. See T.C. Rule 60(c).

Petitioner filed an objection to respondent's motion in which it asks the Court to deny that motion. That objection asserts in pertinent part:

3. The Respondent's objection goes to the management of the Trust, its internal affairs, concerns about its administration, the declaration of rights and the determinations of matters involving the trustee. As the Respondent concedes that these [sic] are "Arizona Trusts" [sic] \* \* \*, this issue falls within the exclusive jurisdiction of the superior court here in the State of Arizona. See A.R.S. § 14-7201. At this point, this court is without jurisdiction to determine whether \* \* \* [Mr. Wilde] is the duly authorized Trustee. The Petitioner need not remind the Court of the consequences of taking any action over which subject matter is completely lacking.

4. Any objection the Respondent or Respondent's counsel has in this area must be taken up in the Superior Court here in Arizona, assuming of course the Respondent or Respondent's counsel has standing. The irony is of course, if Respondent or Respondent's counsel does take the matter up with the Superior Court, where the Respondent will have the burden of proof, and if the Superior Court finds that the Trusts are valid, then the Respondent will be barred by res

judicata from asserting the sham trust claim that forms the basis for his deficiency determination.

5.  * * * In essence the factual claims raised by the Motion to Dismiss are inextricably intertwined with the facts going to the merits of the Commissioner's sham trust claim at issue in this case.  If the Trusts [sic] are valid, then Mr. * * * [Wilde], under Arizona Law, will be presumed to be the duly authorized trustee, whether it is as a Trustee of a resulting trust, constructive trust or expressed [sic] trust.  Therefore, the only course available to this Court is to defer consideration of the jurisdictional claims to the trial on the merits.  Farr v. United States, 990 F.2d 451, * * * [454] n.1 (9th Cir., 1993).  Careau Group v. United Farm Workers [of Am.], 940 F.2d 1291, 1293 (9th Cir. 1991).  See also Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987) ("A * * * [district] court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits.")(Emphasis added)

The Court held a hearing on respondent's motion.  At that hearing, Mr. Wilde appeared as trustee for Photo Art Marketing Trust, the purported TMP of Scenic Wonders.[2]  Petitioner proffered no evidence, and the parties presented no new arguments, at that hearing.

## Discussion

Rule 60 provides in pertinent part:

(c) Capacity:  * * * The capacity of a fiduciary or other representative to litigate in the Court shall

---

[2]At the hearing, the Court informed Mr. Wilde that its allowing him to appear at the hearing as the alleged trustee of Photo Art Marketing Trust did not mean that the Court agreed that he in fact was a duly appointed and authorized trustee of that entity.

be determined in accordance with the law of the juris-
diction from which such person's authority is derived.

The parties do not dispute that Photo Art Marketing Trust, the purported TMP of Scenic Wonders, is a trust organized under the laws of the State of Arizona.  Under Arizona law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust.  See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995).  In the instant case, petitioner has the burden of proving that this Court has jurisdiction, see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); National Comm. to Secure Justice in the Rosenberg Case v. Commissioner, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Consolidated Cos., Inc. v. Commissioner, 15 B.T.A. 645, 651 (1929).  In order to meet that burden, petitioner must provide evidence establishing that Mr. Wilde has authority to act on behalf of Photo Art Marketing Trust, the purported TMP of Scenic Wonders.  See National Comm. to Secure Justice in the Rosenberg Case v. Commissioner, supra at 839-840; Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).  We reject petitioner's position that under Arizona law the validity of the purported appointment of Mr. Wilde as a trustee of Photo Art Marketing Trust falls within the exclusive jurisdiction of the courts of the State of Arizona.

On the record before us, we find that petitioner has failed to establish that Mr. Wilde is authorized to act on behalf of Photo Art Marketing Trust, the purported TMP of Scenic Wonders.[3]

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction granting respondent's motion will be entered</u>.

---

[3]We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.