T.C. Memo. 2000-72


UNITED STATES TAX COURT


JEFF BURGER PRODUCTIONS, LLC, BANANA MOON TRUST,
J.C. CHISUM, TRUSTEE, TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 513-99.                    Filed March 3, 2000.


Jimmy C. Chisum, for petitioner.

Richard A. Rappazzo, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (respondent's motion).  We shall grant respondent's motion.

## Background

For purposes of respondent's motion, the parties do not dispute the following factual allegations that are part of the record. At all relevant times, Jeff Burger Productions, LLC (Jeff Burger Productions), was a limited liability company that is taxed as a partnership because it did not make an election to be taxed as a corporation. Jeff Burger Productions filed partnership income tax returns, Forms 1065 (returns), for taxable years 1994 and 1995. In those returns, it was indicated that there were two partners/members of Jeff Burger Productions, i.e., Banana Moon Trust and Purple Passion Trust. Consequently, the provisions of sections 6221 through 6234 apply.[1]

Respondent issued a Notice of Final Partnership Administrative Adjustment which was addressed as follows:

```
JEFF BURGER
TAX MATTERS PARTNER
JEFF BURGER PRODUCTIONS LLC
40 EAST TONTO RIM DRIVE
SEDONA, AZ  86351-7880
```

J.C. Chisum (Mr. Chisum) timely mailed to the Court a petition purportedly filed on behalf of Jeff Burger Productions. Mr. Chisum identified himself in the petition as trustee of Banana Moon Trust. Mr. Chisum further represented in the peti-

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

tion that Banana Moon Trust is the tax matters partner (TMP) for Jeff Burger Productions. Banana Moon Trust was formed under the laws of the State of Arizona.

Upon commencement of the examination of the returns filed by Jeff Burger Productions for taxable years 1994 and 1995, respondent requested complete copies of the trust documents relating to Banana Moon Trust, the purported TMP for Jeff Burger Productions, as well as other information. Petitioner refused to provide respondent with the trust documents and other information requested.

Respondent's motion contends in pertinent part:

14. There is absolutely no evidence from which the Court can adduce that Mr. Chisum is the current trustee of Banana Moon Trust.

15. Petitioner * * * [has] provided no evidence that the appointment of Mr. Chisum (as trustee) was valid or authorized under the terms of the trust indenture * * *.

16. * * * petitioner * * * [has] failed to demonstrate that Mr. Chisum was legally appointed as trustee of Banana Moon Trust and therefore, [is] authorized to act on behalf of Banana Moon Trust (as TMP) and bring the instant case before this Court. See T.C. Rule 60(c).

17. The capacity of Mr. Chisum to act under Arizona law and bring the instant suit in this Court, likewise, has not been established.

Petitioner filed a response to respondent's motion in which it asks the Court to deny that motion. That response asserts in pertinent part:

3.   The Respondent's objection goes to the management of the Trust, its internal affairs, concerns about its administration, the declaration of rights and the determinations of matters involving the trustee.  As the Respondent concedes that these are "Arizona Trusts" [sic] * * *, this issue falls within the exclusive jurisdiction of the superior court here in the State of Arizona.  See A.R.S. § 14-7201.  At this point, this court is without jurisdiction to determine whether * * * [Mr. Chisum] is the duly authorized Trustee.  The Petitioner need not remind the Court of the consequences of taking any action over which subject matter is completely lacking.

4.   Any objection the Respondent or Respondent's counsel has in this area must be taken up in the Superior Court here in Arizona, assuming of course the Respondent or Respondent's counsel has standing.  The irony is of course, if Respondent or Respondent's counsel does take the matter up with the Superior Court, where the Respondent will have the burden of proof, and if the Superior Court finds that the Trusts are [sic] valid, then the Respondent will be barred by res judicata from asserting the sham trust claim that forms the basis for his deficiency determination.

5.   * * * In essence the factual claims raised by the Motion to Dismiss are inextricably intertwined with the facts going to the merits of the Commissioner's sham trust claim at issue in this case.  If the Trusts are [sic] valid, then Mr. Chisum, under Arizona Law, will be presumed to be the duly authorized trustee, whether it is as a Trustee of a resulting trust, constructive trust or expressed [sic] trust.  Therefore, the only course available to this Court is to defer consideration of the jurisdictional claims to the trial on the merits.  Farr v. United States, 990 F.2d 451, * * * [454] n.1 (9th Cir., 1993).  Careau Group v. United Farm Workers [of Am.], 940 F.2d 1291, 1293 (9th Cir. 1991).  See also Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987) ("A * * * [district] court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits.")(Emphasis added)

The Court held a hearing on respondent's motion.  At that

hearing, Mr. Chisum appeared as trustee for Banana Moon Trust, the purported TMP of Jeff Burger Productions.[2] Petitioner proffered no evidence and presented no new arguments at that hearing. Respondent introduced into evidence at the hearing on respondent's motion documents that appear to be the governing trust documents for Banana Moon Trust, the purported TMP of Jeff Burger Productions, which respondent's examining agent obtained from an unrelated third-party financial institution. Those governing trust documents state that they are "executed under the laws of the Constitution for the United States of America and the Constitution for the State of Nevada". Those documents identify the original trustee of Banana Moon Trust as Sugartree, LLC. The governing trust documents relating to Banana Moon Trust further provide in pertinent part:

> 1. The Anglo-Saxon Common Law Irrevocable Pure Trust for Asset Protection Purposes, also known as an Asset Protection Trust, created by this Contract and Indenture on this 30th day of September, 1994, is authorized to exist and function by and through its Board of Trustees (hereinafter referred to as the Board) pursuant to all of the conditions contained herein, with certain assets to be administered by the Trustee for the benefit of the Holders of Capital Units (hereinafter referred to as Beneficiaries) represented by Certificates of Beneficial Interest, in accordance with the unalienable Anglo-Saxon Common Law rights

---

[2]At the hearing, the Court informed Mr. Chisum that its allowing him to appear at the hearing as the alleged trustee of Banana Moon Trust, the purported TMP of Jeff Burger Productions, did not mean that the Court agreed that he in fact was a duly appointed and authorized trustee of Banana Moon Trust.

afforded to man. * * *

   *      *      *      *      *      *      *

6.  This Trust shall be originally domiciled in the State of Nevada, and shall be interpreted and construed under the Constitution of the United States and the laws of the State of Nevada.  The domicile, and thereby the controlling interpretational laws under which the Trust shall be construed, may be changed to any other State or Nation as shall be deemed prudent, wise, necessary, or appropriate by the Board [of Trustees].

   *      *      *      *      *      *      *

14.  The Creator shall appoint a Fiduciary to serve as "Protector" of the Beneficiaries.  The Protector shall be an independent third party with no obligations to any other party to this Trust.  The Protector shall have the power to remove any Trustee who violates any term or condition of this Trust agreement, or is in breach of any Anglo-Saxon Common Law Trustee duty, and shall have the power to appoint a Successor Trustee to fill any vacancy which occurs for any reason.

   *      *      *      *      *      *      *

16.  The Board [of Trustees] shall have, except as modified by the terms of this Indenture and the Minutes of the Board interpreting the same, all of the powers of Trustees under the Anglo-Saxon Common Law, as well as those specified under the laws of the State of Nevada. * * *

   *      *      *      *      *      *      *

33.  The Trustee may be replaced in any of the following manners:

    A.  <u>Resignation</u>.  The Trustee may resign with or without cause at any time by sending a notice of his intention to do so to the Trust principle [sic] office by Certified Mail.  However, such resignation shall not be effective unless and until such time as a Successor Trustee has accepted the appointment to assume the duties and responsibilities of Trustee on the expira-

tion date of the outgoing Trustee, or thirty days after receipt of the resignation, whichever occurs first.

B. <u>Removal</u>. Upon complaint for proper cause by any agent or person appointed by the Trust, the Protector shall appoint a Committee of Arbitrators (hereinafter referred to as the Committee), to investigate the complaint.

\* \* \* \* \* \* \*

2. The Committee shall have the power, upon meeting, investigation, and a two-thirds (2/3) majority vote, to remove the Trustee for the following specific reasons constituting proper cause: a) insolvency, b) negligence, c) incompetence, or d) failure to perform fiduciary duties under the terms of the Contract.

\* \* \* \* \* \* \*

C. <u>Incapacitation</u>. In the event the Trustee is unavailable to participate in the process of his removal or the selection of a Successor Trustee, the Protector shall have the authority to execute an affidavit, under oath, setting forth the unavailability of the Trustee. \* \* \*

D. <u>Court Appointment</u>. In the event it becomes necessary to litigate the removal of a Trustee and/or appointment of a Successor Trustee, the Trust, by and through its Beneficiaries, may apply to a court of competent jurisdiction for the appointment of a Successor Trustee.

<u>Discussion</u>

Rule 60 provides in pertinent part:

(c) Capacity: \* \* \* The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

The governing trust documents pertaining to Banana Moon Trust, the purported TMP of Jeff Burger Productions, suggest that

Banana Moon Trust was organized as a trust under the laws of the State of Nevada.  However, in petitioner's response to respondent's motion and at the hearing on that motion, Mr. Chisum asserted that the administration of Banana Moon Trust is governed by the laws of the State of Arizona and that the exclusive jurisdiction in determining the validity of the trustee is in the Superior Court of the State of Arizona.

Assuming arguendo, as petitioner claims, that Banana Moon Trust, the purported TMP of Jeff Burger Productions, is a trust, the administration of which is subject to the laws of the State of Arizona, under Arizona law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust.[3]  See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995).  In the instant case, petitioner has the burden of proving that this Court has jurisdiction, see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); National Comm. to Secure Justice in the Rosenberg Case v. Commissioner, 27 T.C. 837, 839 (1957), by establishing affirmatively

---

[3]Assuming arguendo, as the governing trust documents pertaining to Banana Moon Trust suggest, that Banana Moon Trust, the purported TMP of Jeff Burger Productions, is a trust, the administration of which is subject to the laws of the State of Nevada, under Nevada law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust if the trust instrument so provides.  See Nev. Rev. Stat. Ann. secs. 163.260 and 163.375 (Michie 1993).  The governing trust documents pertaining to Banana Moon Trust state in pertinent part that the board of trustees of Banana Moon Trust was to have "all of the powers of Trustees under the Anglo-Saxon Common Law, as well as those specified under the laws of the State of Nevada."

all facts giving rise to our jurisdiction, see <u>Wheeler's Peach-</u><u>tree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Consolidated Cos., Inc. v. Commissioner</u>, 15 B.T.A. 645, 651 (1929).  In order to meet that burden, petitioner must provide evidence establishing that Mr. Chisum has authority to act on behalf of Banana Moon Trust, the purported TMP of Jeff Burger Productions.  See <u>National Comm. to Secure Justice in the Rosen-</u><u>berg Case v. Commissioner</u>, <u>supra</u> at 839-840; <u>Coca-Cola Bottling</u> <u>Co. v. Commissioner</u>, 22 B.T.A. 686, 700 (1931).  We reject petitioner's position that under Arizona law the validity of the purported appointment of Mr. Chisum as the trustee of Banana Moon Trust falls within the exclusive jurisdiction of the courts of the State of Arizona.

On the record before us, we find that petitioner has failed to establish that Mr. Chisum is authorized to act on behalf of Banana Moon Trust, the purported TMP of Jeff Burger Productions.[4]

---

[4]We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction granting respondent's motion will be entered.