Knight v. Industrial Dist. Group        CV-04-182-SM  10/12/04

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Cheryl Knight,
        Plaintiff

        v.                                Civil No. 04-182-SM
                                          Opinion No. 2004 DNH 147
Industrial Distribution Group, Inc.,
        Defendant


                            **O R D E R**


        Cheryl Knight brings this action against her former

employer, Industrial Distribution Group, Inc. ("IDG"), seeking

damages for alleged violations of the Family Medical Leave Act,

29 U.S.C. § 2601, et seq. ("FMLA").  IDG moves to dismiss the

sole count of Knight's complaint, asserting that the FMLA does

not apply to her because she is not an "eligible employee," as

defined in 29 U.S.C. § 2611(2).  Accordingly, says IDG, this

court lacks subject matter jurisdiction over her claim.  See Fed.

R. Civ. P. 12(b)(1).  Knight objects.


                            **Discussion**

        In her complaint, Knight alleges that IDG "is an 'employer,'

as defined in 29 U.S.C. § 2611(4)(A) and subject to the

requirements of the FMLA." Complaint at para. 26. She also alleges that she was, during the course of her employment, "an 'eligible employee,' as defined in 29 U.S.C. § 2611(2)(A) of the FMLA." Id. at para. 27. And, says Knight, after she was diagnosed with acute, severe depression, IDG "interfered with and denied Plaintiff the exercise of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1)." Id. at para. 33.

IDG does not deny that it is an "employer" under the FMLA, but it does challenge Knight's assertion that she was an "eligible employee." IDG says that, pursuant to 29 U.S.C. § 2611(2)(B), Knight was expressly excluded from coverage under the FMLA. That section of the statute provides, in relevant part:

> The term "eligible employee" does not include . . . any employee of an employer who is employed at a worksite at which such employer employs less that 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 2611(2)(B)(ii). IDG has submitted affidavits and documentary evidence which support its assertion that it employed fewer than 50 employees at its various worksites within 75 miles of the site at which Knight was employed. See Exhibit B to

2

defendant's reply in support of motion to dismiss (document no. 12) (a chart showing 48 people, including plaintiff, employed by IDG within 75 miles of Knight's place of employment).

In response, Knight has filed her own affidavit which: (1) calls into question IDG's method of counting its employees; and (2) points out that IDG itself believed she was an eligible employee, having provided her with a "Request for Family or Medical Leave of Absence" form, which specifically references the FMLA.[1] Knight also notes that she is at a decided disadvantage at this stage of the litigation, since she has not been permitted to engage in any discovery relating to the number of employees IDG actually employed within the 75 mile radius.

Plainly, whether IDG employed 50 persons within 75 miles of the site at which Knight was employed is a genuinely disputed material fact. Principles of equity and fairness dictate that

---

[1] Knight does not suggest that, having once represented that she was covered by the FMLA, IDG is now estopped to deny that she was an "eligible employee." Such an argument has been rejected by several courts. See, e.g., Nordquist v. City Finance Co., 173 F. Supp. 2d 537, 540 (N.D. Miss. 2001) (citing cases). Nevertheless, the fact that IDG considered Knight eligible for benefits under the FMLA suggests that she might have been an "eligible employee."

Knight be permitted to engage in discovery, at least regarding that critical factual dispute. It may be that facts not presently apparent will bear on whether Knight is entitled to the protections afforded by the FMLA. See, e.g., McCulloch v. Velez, 364 F.3d 1, 6-7 (1st Cir. 2004).

The next issue raised by IDG's motion involves the applicable standard of review. Typically, when ruling on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may consider materials extrinsic to the complaint, weigh the relevant evidence, and determine whether jurisdiction exists or is lacking. The court of appeals for this circuit has observed:

> In a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding. In that situation, the district court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction. In such a case, the district court's findings of fact will be set aside only if clearly erroneous.

Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003), cert. denied, 124 S.Ct. 2836 (2004) (citation and internal

4

quotation marks omitted). See also <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 365 (1st Cir. 2001).

But, in cases such as this, where the jurisdictional question is closely intertwined with an essential element of the plaintiff's cause of action, some courts have concluded that the proper standard of review is that dictated by Rule 56. In other words, the court should not weigh and resolve conflicts in the evidence but should, instead, leave that to the trier of fact. While the Court of Appeals for the First Circuit has not yet addressed this issue, <u>see</u> <u>Rivera-Flores v. Puerto Rico Tel. Co.</u>, 64 F.3d 742, 748 n.4 (1st Cir. 1995), the Court of Appeals for the Eleventh Circuit has observed:

> Like employer status under the ADEA, eligible-employee status under the FMLA is a threshold jurisdictional question, <u>see</u> 29 U.S.C. § 2611 (limiting the scope of the Act to statutorily-defined eligible employees), that also appears to be a prima facie element for recovery in a civil action, <u>see</u> 29 U.S.C. § 2617(a)(1) ("Any employer who violates section 2615 of this title shall be liable to any <u>eligible employee</u> affected . . .") (emphasis added).

<u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 927 (11th Cir. 2003). Accordingly, the court concluded that, "[t]he question of

5

'eligible employee' status implicates both jurisdiction and the merits, and is properly reserved for the finder of fact." Id. at 928. See also Figueira v. Black Ent. Television, Inc., 944 F. Supp. 299, 308-09 (S.D.N.Y. 1996). The Eleventh Circuit did, however, go on to note:

> We wish to emphasize that our decision today does not mean eligible-employee status under the FMLA is always a jury question. To the contrary, the district court may properly dismiss an FMLA action under Rule 12(b)(6) or Rule 56 if the plaintiff fails to establish this or any other element of his prima facie case under the standards appropriate to those Rules.

Morrison, 323 F.3d at 930. See also Careau Group v. United Farm Workers of America, 940 F.2d 1291, 1293 (9th Cir. 1991) ("In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. However, where jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, the trial court should employ the standard applicable to a motion for summary judgment.") (citations and internal punctuation omitted).

6

In this case, whether Knight is an "eligible employee" under the FMLA is not only a jurisdictional fact, it is also an essential element of her cause of action; absent proof that she was an "eligible employee," her claim against IDG necessarily fails. Consequently, the court concludes that Rule 12(b)(1) does not provide the appropriate standard of review; if the court were to weigh and resolve any disputed facts relating to Knight's status as an "eligible employee," it would, at least in part, infringe upon the traditional role of the trier of fact: determining whether plaintiff has established, by a preponderance of the evidence, each of the essential elements of her claim. If the parties' dispute over that issue can be resolved short of trial, it is best done under the standards governing motions for summary judgment.

## Conclusion

Defendant's motion to dismiss (document no. 7) is denied. The parties shall engage in limited discovery, directed to resolving Knight's status as an "eligible employee" under the FMLA. Such discovery shall be concluded on or before December 10, 2004, at which point either party may raise the issue, if

7

necessary, by means of a well-supported motion for summary judgment.

Finally, defendant's motion to strike affidavit (document no. 11) and its motion to file reply in support of motion to strike affidavit (document no. 14) are denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 12, 2004

cc: James F. Lafrance, Esq.
    Cameron G. Shilling, Esq.

8