T.C. Memo. 2000-73


UNITED STATES TAX COURT


BANANA MOON TRUST, J.C. CHISUM, TRUSTEE, AND PURPLE
PASSION TRUST, J.C. CHISUM, TRUSTEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 514-99.                    Filed March 3, 2000.


Jimmy C. Chisum, for petitioners.

<u>Richard A. Rappazzo</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (respondent's motion).  We shall grant respondent's motion.

## Background

For purposes of respondent's motion, the parties do not dispute the following factual allegations that are part of the record. At all relevant times, each petitioner was a trust engaged in business in the State of Arizona.

Petitioner Banana Moon Trust filed a Federal income tax return for estates and trusts, Form 1041 (return), for 1995 which was signed by Jimmy C. Chisum (Mr. Chisum) as the fiduciary or officer representing the fiduciary. Banana Moon Trust's 1995 return did not contain the name of the trustee or any information that would enable respondent to determine who the trustee was.

Petitioner Purple Passion Trust filed a return for 1995 which was signed by Mr. Chisum as the fiduciary or officer representing the fiduciary. That return did not contain the name of the trustee or any information that would enable respondent to determine who the trustee was.

Upon commencement of the examination of each petitioner, respondent requested complete copies of the trust documents relating to each such petitioner as well as other information. Each petitioner refused to provide respondent with the trust documents and other information requested.

Although neither petitioner provided respondent with the documentation and other information requested, respondent's examining agent obtained from an unrelated third-party financial

institution what appear to be the governing trust documents for petitioner Banana Moon Trust and the governing trust documents for petitioner Purple Passion Trust. Those governing trust documents pertaining to each petitioner appear to be identical except for the name of each petitioner reflected therein.

The respective governing trust documents relating to petitioners state that they are "executed under the laws of the Constitution for the United States of America and the Constitution for the State of Nevada". Those documents identify the original trustee of each petitioner as Sugartree, LLC. The respective governing trust documents relating to petitioners further provide in pertinent part:

> 1. The Anglo-Saxon Common Law Irrevocable Pure Trust for Asset Protection Purposes, also known as an Asset Protection Trust, created by this Contract and Indenture on this 30th day of September, 1994, is authorized to exist and function by and through its Board of Trustees (hereinafter referred to as the Board) pursuant to all of the conditions contained herein, with certain assets to be administered by the Trustee for the benefit of the Holders of Capital Units (hereinafter referred to as Beneficiaries) represented by Certificates of Beneficial Interest, in accordance with the unalienable Anglo-Saxon Common Law rights afforded to man. * * *

> * * * * * * *

> 6. This Trust shall be originally domiciled in the State of Nevada, and shall be interpreted and construed under the Constitution of the United States and the laws of the State of Nevada. The domicile, and thereby the controlling interpretational laws under which the Trust shall be construed, may be changed to any other State or Nation as shall be deemed prudent,

wise, necessary, or appropriate by the Board [of Trustees].

\* \* \* \* \* \* \*

14. The Creator shall appoint a Fiduciary to serve as "Protector" of the Beneficiaries. The Protector shall be an independent third party with no obligations to any other party to this Trust. The Protector shall have the power to remove any Trustee who violates any term or condition of this Trust agreement, or is in breach of any Anglo-Saxon Common Law Trustee duty, and shall have the power to appoint a Successor Trustee to fill any vacancy which occurs for any reason.

\* \* \* \* \* \* \*

16. The Board [of Trustees] shall have, except as modified by the terms of this Indenture and the Minutes of the Board interpreting the same, all of the powers of Trustees under the Anglo-Saxon Common Law, as well as those specified under the laws of the State of Nevada. \* \* \*

\* \* \* \* \* \* \*

33. The Trustee may be replaced in any of the following manners:

A. <u>Resignation</u>. The Trustee may resign with or without cause at any time by sending a notice of his intention to do so to the Trust principle [sic] office by Certified Mail. However, such resignation shall not be effective unless and until such time as a Successor Trustee has accepted the appointment to assume the duties and responsibilities of Trustee on the expiration date of the outgoing Trustee, or thirty days after receipt of the resignation, whichever occurs first.

B. <u>Removal</u>. Upon complaint for proper cause by any agent or person appointed by the Trust, the Protector shall appoint a Committee of Arbitrators (hereinafter referred to as the Committee), to investigate the complaint.

\* \* \* \* \* \* \*

2.  The Committee shall have the power, upon meeting, investigation, and a two-thirds (2/3) majority vote, to remove the Trustee for the following specific reasons constituting proper cause:  a) insolvency, b) negligence, c) incompetence, or d) failure to perform fiduciary duties under the terms of the Contract.

   *     *     *     *     *     *     *

C.  <u>Incapacitation</u>.  In the event the Trustee is unavailable to participate in the process of his removal or the selection of a Successor Trustee, the Protector shall have the authority to execute an affidavit, under oath, setting forth the unavailability of the Trustee. * * *

D.  <u>Court Appointment</u>.  In the event it becomes necessary to litigate the removal of a Trustee and/or appointment of a Successor Trustee, the Trust, by and through its Beneficiaries, may apply to a court of competent jurisdiction for the appointment of a Successor Trustee.

The notice of deficiency (notice) issued to petitioner

Banana Moon Trust for taxable years 1994 and 1995 was addressed

as follows:

    BANANA MOON TRUST
    SUGARTREE LLC TTEE
    5804 WEST VISTA NO. 347
    GLENDALE, AZ 85301-1341

The notice issued to petitioner Purple Passion Trust with respect

to taxable year 1995 was addressed as follows:

    PURPLE PASSION TRUST
    SUGARTREE LLC TTEE
    5804 WEST VISTA AVENUE NO. 347
    GLENDALE, AZ 85301-1341 040

Banana Moon Trust and Purple Passion Trust jointly filed a petition in this Court. That petition was signed on behalf of each petitioner by J.C. Chisum as "Trustee".

Respondent's motion contends in pertinent part:

        14. There is absolutely no evidence from which the Court can adduce that Mr. Chisum is the current trustee of either of the petitioner trusts.

        15. Petitioners have provided no evidence that the appointment of Mr. Chisum (as trustee) was valid or authorized under the terms of the respective trust indentures * * *.

        16. * * * petitioners have failed to demonstrate that Mr. Chisum was legally appointed as trustee of either of the petitioner trusts and therefore, [is] authorized to act on behalf of the petitioner trusts and bring the instant case before this Court. See T.C. Rule 60(c).

Petitioners filed a response to respondent's motion in which they ask the Court to deny that motion. That response asserts in pertinent part:

        3. The Respondent's objection goes to the management of the trusts, their internal affairs, concerns about their administration, the declaration of rights and the determinations of matters involving the trustees. As the Respondent concedes that these are "Arizona Trusts" * * *, this issue falls within the exclusive jurisdiction of the superior court here in the State of Arizona. See A.R.S. § 14-7201. At this point, this court is without jurisdiction to determine whether * * * Mr. Chisum is the duly authorized Trustee. The Petitioners need not remind the Court of the consequences of taking any action over which subject matter is completely lacking.

        4. Any objection the Respondent or Respondent's counsel has in this area must be taken up in the Superior Court here in Arizona, assuming of course the Respondent or Respondent's counsel has standing. The

irony is of course, if Respondent or Respondent's counsel does take the matter up with the Superior Court, where the Respondent will have the burden of proof, and if the Superior Court finds that the Trusts are valid, then the Respondent will be barred by res judicata from asserting the sham trust claim that forms the basis for his deficiency determination.

5. * * * In essence the factual claims raised by the Motion to Dismiss are inextricably intertwined with the facts going to the merits of the Commissioner's sham trust claim at issue in this case. If the Trusts are valid, then Mr. Chisum, under Arizona Law, will be presumed to be the duly authorized trustee, whether it is as a Trustee of a resulting trust, constructive trust or expressed [sic] trust. Therefore, the only course available to this Court is to defer consideration of the jurisdictional claims to the trial on the merits. Farr v. United States, 990 F.2d 451, * * * [454] n.1 (9th Cir., 1993). Careau Group v. United Farm Workers [of Am.], 940 F.2d 1291, 1293 (9th Cir. 1991). See also Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987) ("A * * * [district] court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits.") (Emphasis added)

The Court held a hearing on respondent's motion, at which Mr. Chisum appeared on behalf of petitioners.[1] At that hearing, Mr. Chisum contended, inter alia:

I was one of the members of Sugar Tree, LLC, and subsequently substituted the trustee to give a better control in the tax matters and in the business administration.

---

[1]At the hearing, the Court informed Mr. Chisum that its allowing him to appear at the hearing on behalf of each petitioner did not mean that the Court agreed that he in fact had the capacity to be appearing on their behalf.

The fact that this trust is again administered within the State of Arizona, it comes under the exclusive jurisdiction of the courts of Arizona and the law of Arizona for determining the real parties. * * *

　　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

There was [sic] subsequent items, subsequent trustee replacements that are not a part of the record. The role of protector that the Respondent brings up is only one of the methods of removal of a trustee. Any trustee has the authority and the power to resign at any time. * * *

Petitioners presented no additional contentions and proffered no evidence at the hearing on respondent's motion.

### Discussion

Rule 60[2] provides in pertinent part:

(a) Petitioner: (1) <u>Deficiency or Liability Actions</u>: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 23(a)(1). A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. * * *

　　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

(c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

---

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

The respective governing trust documents pertaining to petitioners suggest that each petitioner was organized as a trust under the laws of the State of Nevada.  However, in petitioners' response to respondent's motion and at the hearing on that motion, Mr. Chisum asserted that the administration of each petitioner trust is governed by the laws of the State of Arizona and that the exclusive jurisdiction in determining the validity of the trust and of the trustee is in the Superior Court of the State of Arizona.

Assuming arguendo, as petitioners claim, that each petitioner is a trust, the administration of which is subject to the laws of the State of Arizona, under Arizona law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust.[3]  See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995).  In the instant case, each petitioner has the burden of proving that this Court has jurisdiction, see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); National Comm. to Secure Justice

---

[3]Assuming arguendo, as the respective governing trust documents pertaining to petitioners suggest, that each petitioner is a trust, the administration of which is subject to the laws of the State of Nevada, under Nevada law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust if the trust instrument so provides.  See Nev. Rev. Stat. Ann. secs. 163.260 and 163.375 (Michie 1993).  The respective governing trust documents pertaining to petitioners stated in pertinent part that the board of trustees of each petitioner trust was to have "all of the powers of Trustees under the Anglo-Saxon Common Law, as well as those specified under the laws of the State of Nevada."

in the Rosenberg Case v. Commissioner, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Consolidated Cos., Inc. v. Commissioner, 15 B.T.A. 645, 651 (1929).  In order to meet that burden, each petitioner must provide evidence establishing that Mr. Chisum has authority to act on its behalf.  See National Comm. to Secure Justice in the Rosenberg Case v. Commissioner, supra at 839-840; Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).  We reject petitioners' position that under Arizona law the validity of the purported appointment of Mr. Chisum as trustee of each petitioner falls within the exclusive jurisdiction of the courts of the State of Arizona.

On the record before us, we find that each petitioner has failed to establish that Mr. Chisum is authorized to act on its behalf.[4]

To reflect the foregoing,

> An order of dismissal for lack of jurisdiction granting respondent's motion will be entered.

---

[4]We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit and/or irrelevant.