NATIONAL COMMITTEE TO SECURE JUSTICE IN THE ROSENBERG CASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56044.    Filed February 26, 1957.

*Milton H. Friedman, Esq.*, and *Bernard Ades, Esq.*, for the petitioner.

*Richard G. Maloney, Esq.*, for the respondent.

## OPINION.

OPPER, *Judge:* At the conclusion of the hearing, respondent moved to dismiss this proceeding for lack of jurisdiction, stating as his reason that petitioner, an unincorporated association, had previously ceased to exist and could not be a proper party to institute this proceeding. The question was taken under advisement and has been argued in the briefs of the parties.

Petitioner's statement of the question thus put before us is the following taken from its brief:

> Petitioner was an unincorporated association. There is nothing in the record to indicate the precise nature of the organization or the provisions made for dissolution. Unquestionably it ceased doing business on October 31, 1953 and to all intents and purposes it ceased to exist as an active organization. Whether it ceased to exist for legal purposes,—i. e. for purposes of suing and being sued—is a different question, *the answer for which does not appear in the record.* * * * [Emphasis added.]

Petitioner, however, concludes that the burden of supplying the missing facts rests upon respondent, a conclusion which is erroneous under both the rules of the Tax Court and case authority. A proceeding in the Tax Court "shall be brought by and in the name of

the person against whom the Commissioner determined the deficiency,"[2] the petition shall contain "[p]roper allegations showing jurisdiction in the Court,"[3] and the burden of proving that the Tax Court has jurisdiction over the proceeding is upon petitioner. See, e. g., *Main-Hammond Land Trust*, 17 T. C. 942, 957; *Louisiana Naval Stores, Inc.*, 18 B. T. A. 533, 536.

Furthermore, the Tax Court has no jurisdiction to entertain a proceeding purporting to be brought by a nonexistent party, *S. Hirsch Distilling Co.*, 14 B. T. A. 1073; nor by a person whose authority is not shown, *Coca-Cola Bottling Co.*, 22 B. T. A. 686. And questions of jurisdiction which go to the root of all subsequent action, see, e. g., *Herbert Brush Mfg. Co.*, 22 B. T. A. 646, and should be disposed of at the threshold, see *Gideon-Anderson Co.*, 18 B. T. A. 329, 330, must be dealt with by the Tax Court, like other tribunals, on its own motion even if not raised by either party. *Coca-Cola Bottling Co., supra*, at 700. For this reason, if for no other, the notion that the burden was upon respondent to produce the necessary facts, or that the question cannot be considered because inadequately propounded by the pleadings, cf. Federal Rules of Civil Procedure, Rule 9 (a), is mistaken.

The petition herein, though bearing the name of the party to whom the notice of deficiency was mailed, is verified by Emily Alman who states "that she *was* the Treasurer of the National Committee to Secure Justice in the Rosenberg Case, above-named, which ceased to function in October 1953" (emphasis added) and contains only the allegation that petitioner, during the tax years involved, "*was* an unincorporated association" (emphasis added) with principal offices in New York. Yet, when answering questions with respect to the status of petitioner, Mrs. Alman, the only witness called by either party, stated that when petitioner ceased to function "there was no written agreement. There was simply a decision to dissolve." This "decision to dissolve" must have occurred prior to the mailing of the notice of deficiency and the filing of the petition herein, for petitioner held no meetings after October 1953. Petitioner cites no authority, and we find none, for the proposition that an unincorporated association in New York continues, after dissolution, to exist for the purpose of winding up its affairs. Indeed, the contrary appears more likely for such an association, unlike a corporation, is not regarded as a legal entity independent of its associates, see *Ostrom* v. *Greene*, 161 N. Y. 353, 55 N. E. 919; *International Union, Etc.* v. *Aircooled Motors*, 284 App. Div. 835, 132 N. Y. S. 2d 411, and its authority to sue or be sued in the name of its president

[2] Rule 6, Tax Court Rules of Practice.
[3] Rule 7 (c) (4) (B), Tax Court Rules of Practice, in effect when this petition was filed.

or treasurer derives from the agency relationship inherent in its distinctive membership composition. See *Solomon* v. *Union News Co.*, 102 N. Y. S. 2d 975; *Amalgamated Association, Etc.* v. *Casey*, 134 N. Y. S. 2d 343; *Peckner* v. *Webb*, 35 Misc. 291, 71 N. Y. S. 768. Without a proper showing of authority to institute this proceeding we must grant respondent's motion and dismiss. See *Main-Hammond Land Trust, supra; S. Hirsch Distilling Co., supra.*

Petitioner also insists: "If the petitioner had not been in existence after October 31, 1953 then * * * proceedings against it for assessment of a tax whether within the Treasury Department or any court would be impossible." Whether this statement is correct we have no occasion to consider. We have found no facts, nor has petitioner requested any findings, with respect to the merits of this case, and we do not reach them.

*An order will be entered dismissing the proceeding for lack of jurisdiction.*