T.C. Memo. 2000-63

UNITED STATES TAX COURT

BANTAM DOMESTIC TRUST, PRUDENT MAN TRUSTEE COMPANY,
TRUSTEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16687-98.                    Filed February 29, 2000.

Jimmy C. Chisum, for petitioner.

Richard A. Rappazzo, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (respondent's motion) and petitioner's motion to substitute party and to change caption (petitioner's motion).  We shall grant respondent's motion and deny petitioner's motion.

## Background

For purposes of respondent's motion and petitioner's motion, the parties do not dispute the following factual allegations that are part of the record. During its taxable year 1994, petitioner was a trust engaged in business in the State of Indiana. Petitioner filed a Federal income tax return for estates and trusts, Form 1041 (return), for that taxable year, which was signed by Jimmy C. Chisum as agent for the Prudent Man Trustee Co.

Upon commencement of the examination of the 1994 return filed by petitioner, respondent requested petitioner to provide respondent with complete copies of the trust documents relating to it. Petitioner refused to provide respondent with the trust documents or any other type of documentary evidence regarding who was the first appointed trustee of petitioner.

The notice of deficiency issued to petitioner was sent to the following two addresses:

Bantam Domestic Trust
aka Snyder Poultry Processing
Prudent Man Trustee Company,
  Trustee
Post Office Box 138
Harlan, Indiana  46743-0138

Bantam Domestic Trust
aka Snyder Poultry Processing
Prudent Man Trustee Company,
  Trustee
Post Office Box 204
Snyder, Nebraska  68664-0204

Petitioner filed a petition in this Court which was signed on its behalf by Jimmy C. Chisum, as "Agent for Trustee Prudent Man Trustee Company", the purported trustee for petitioner.

Respondent's motion contends in pertinent part:

14. In summary, Mr. Chisum lacks the capacity to bring the instant suit directly on behalf of the trust because he is not the trustee. Additionally, Mr. Chisum lacks the capacity to represent the trustee or any other person in this proceeding because he is not an attorney and is not otherwise admitted to practice before this Court. * * *

15. Since the petition in this case was not brought by a party with proper capacity as required by the Tax Court Rules of Practice and Procedure, this case should be dismissed for lack of jurisdiction.

Petitioner filed an objection to respondent's motion in which it asks the Court to deny that motion. Petitioner's objection to respondent's motion asserts in pertinent part:

As there is a change in fiduciary simultaneous with this * * * Objection and the change in fiduciary answers the objection raised by the Respondent in the Motion to Dismiss, this Court cannot dismiss as set forth in Rule 60(a)(1), Rules of Practice and Procedure, United States Tax Court. Any further objections by the Respondent must be done either by an answer to the Petition or by other motions as set forth in Rule 36, Rules of Practice and Procedure, United States Tax Court.

The Court had the document submitted by petitioner that purported to be a change in fiduciary filed as petitioner's "Motion to Substitute Party and to Change Caption". Petitioner's motion alleges in pertinent part:

Notice is hereby given that John P. Wilde has been appointed as Co-Trustee of Bantam Domestic Trust along with Jimmy C. Chisum * * * and Prudent Man Trustee Co. has resigned * * *. John P. Wilde will be proceeding in his capacity as a Co-Trustee of an Expressed [sic] Trust. * * *

Attached to petitioner's motion are two documents, one of which is entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" and the

second of which is entitled "MINUTE OF TRUSTEE RESIGNATION".  The

document entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" states:

> THE PRUDENT MAN TRUSTEE CO., does hereby appoint J
> C Chisum & John Wilde, as the Successor Trustees for
> BANTAM TRUST.
>
> The appointment takes effect immediately and asks
> that the Successor waive all time and notice require-
> ments in the appointment and resignation.
>
> Executed this 21st day of January, in the year of
> Our Lord, 1999.
>
> THE PRUDENT MAN TRUSTEE CO.
>                    TRUSTEE
>
>
> by:          /s/
>              Donna Chisum, F/A for Trustee

ACCEPTANCE OF APPOINTMENT AS SUCCESSOR TRUSTEE

> THE PRUDENT MAN TRUSTEE CO., does hereby accept
> the appointment of Successor Trustees and the resigna-
> tion of J C Chisum & John Wilde.  The above resignation
> and waiver of time is accepted, and with the accepting
> of SUCCESSOR TRUSTEES, J C Chisum & John Wilde, assume
> the duties and responsibilities as TRUSTEE for BANTAM
> TRUST.
>
> Executed this 21st day of January, in the year of
> Our Lord, 1999.
>
>
>            J C Chisum
>                 TRUSTEE
>
>
> by:          /s/
>              J C Chisum, Trustee
>
>
>            John Wilde

by:_____/s/_____
    John Wilde, Trustee

The document entitled "MINUTE OF TRUSTEE RESIGNATION"

states:

   THE PRUDENT MAN TRUSTEE CO., does hereby resign the position as Trustee for BANTAM TRUST.  By special arrangement with the Successors, J. C. CHISUM & JOHN WILDE, all the time clauses in this act are waived. The resignation is immediate, final and irrevocable.
   This resignation takes effect immediately upon the signing and endorsement by the Successor Trustee.
   This is intended to release THE PRUDENT MAN TRUSTEE CO., from all responsibility associated with the Trust.

   Executed this 21st day of January, in the year of Our Lord, 1999.

                    THE PRUDENT MAN TRUSTEE CO._____
                         TRUSTEE


                    by:_____/s/_____
                        Donna Chisum, F/A for Trustee


   Ratified, Accepted, Acknowledged this 21st day of January, in the year of Our Lord, 1999.


               _____J C Chisum_____


               by:_____/s/_____
                   J C Chisum, Trustee


               _____John Wilde_____


               by:_____/s/_____

Respondent filed an objection to petitioner's motion (respondent's objection).  That objection asserts in pertinent part:

> 4.  In response to respondent's Motion to Dismiss for Lack of Jurisdiction, petitioner provided to this Court copies of documents alleging that Prudent Man Trustee Co. was removed as trustee and that Jimmy C. Chisum and John P. Wilde have been appointed successor trustees of the petitioner trust.
>
> 5.  There is absolutely no evidence from which the Court can adduce that the documents referred to in paragraph 4., above, create a legal assignment of either Mr. Chisum and/or Mr. Wilde as successor trustees.  The documents petitioner submitted appear to be self-serving and created solely in response to respondent's original Motion to Dismiss for Lack of Jurisdiction.
>
> 6.  Petitioner has provided no evidence that said assignments are valid or authorized under the terms of the trust indenture (assuming one exists).
>
> 7.  If the initial trustee or any successor trustees thereafter were, in fact, an entity called Prudent Man Trustee Co., petitioner should be required to produce credible evidence establishing the legal existence and validity of that entity.
>
> 8.  Without the evidence described above in paragraph 7., petitioner has failed to demonstrate that either Mr. Chisum and/or Mr. Wilde were legally appointed as subsequent trustees authorized to act on behalf of the trusts [sic] and bring the instant case before this Court.  See T.C. Rule 60(c).
>
> 9.  The capacity of Mr. Chisum and/or Mr. Wilde to bring the instant suit in this Court has not been established.

The Court held a hearing on respondent's motion and petitioner's motion (hearing), at which Mr. Chisum appeared on behalf

of petitioner.[1]  At that hearing, respondent introduced into the record a document signed by the Secretary of State of Nebraska.[2] That document stated in pertinent part:

> I, Scott Moore, Secretary of State of Nebraska do hereby certify that after a thorough search of all records, I do not find a record of a corporation by the name
>
> PRUDENT MAN TRUSTEE CO.
>
> ever having filed Articles of Incorporation or issued a Certificate of Authority to transact business as a foreign corporation in the state of Nebraska.

### Discussion

Rule 60[3] provides in pertinent part:

> (a)  Petitioner:  (1)  <u>Deficiency or Liability Actions</u>:  A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person.  See Rule 23(a)(1).  A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and

---

[1]At the hearing, the Court informed Mr. Chisum that its allowing him to appear at the hearing as the alleged trustee of petitioner did not mean that the Court agreed that he in fact was a duly appointed and authorized trustee of petitioner.

[2]Presumably, respondent proffered the document in question at the hearing on respondent's motion and petitioner's motion because one of the addresses to which respondent sent the notice issued to petitioner was in Nebraska.

[3]All Rule references are to the Tax Court Rules of Practice and Procedure.

> such ratification shall have the same effect as if the case had been properly brought by such party. * * *
>
>    *        *        *        *        *        *        *
>
>      (c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

The record is unclear as to whether petitioner was organized as a trust under the laws of Arizona or some other State, although the parties do not dispute that petitioner was carrying on business during its taxable year 1994 in the State of Arizona. At the hearing, Mr. Chisum asserted that the administration of the trust is governed by the laws of the State of Arizona and that the "sole jurisdiction or exclusive jurisdiction in determining the validity of the contract for trust and determining the validity of the trustee party, * * * [is] in Superior Court of State of Arizona."

Assuming arguendo, as petitioner claims, that it is a trust, the administration of which is subject to the laws of the State of Arizona, under Arizona law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust.[4] See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995). In the instant

---

[4]Assuming arguendo, as respondent claims upon information and belief, that petitioner is a trust, the administration of which is subject to the laws of the State of Indiana, under Indiana law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust. See Ind. Code Ann. sec. 30-4-3-3(a)(11) (Michie 1989).

case, petitioner has the burden of proving that this Court has jurisdiction, see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); National Comm. to Secure Justice in the Rosenberg Case v. Commissioner, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Consolidated Cos., Inc. v. Commissioner, 15 B.T.A. 645, 651 (1929).  In order to meet that burden, petitioner must provide evidence establishing that Mr. Wilde and Mr. Chisum have authority to act on its behalf.[5]  See National Comm. to Secure Justice in the Rosenberg Case v. Commissioner, supra at 839-840; Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).  We reject petitioner's position that the validity of the purported appointment of Mr. Wilde and Mr. Chisum as trustees of petitioner falls within the exclusive jurisdiction of the Superior Court of the State of Arizona.

_____

[5]Petitioner no longer contends that Mr. Chisum is authorized to act on its behalf in this proceeding as the agent of Prudent Man Trustee Co., and we conclude that it has abandoned any such argument.  Even if it had not abandoned such an argument, on the record before us, we find that petitioner has not shown that Mr. Chisum was properly employed by the trustee of petitioner in accordance with the laws of either the State of Arizona, see Ariz. Rev. Stat. Ann. sec. 14-7233.C.24. (West 1995), or the State of Indiana, see Ind. Code Ann. sec. 30-4-3-3(a)(16) (Michie 1989).  We further find that, unless Mr. Chisum is a duly appointed and authorized trustee of petitioner, Mr. Chisum is not authorized to represent or act in this proceeding on behalf of either petitioner or the trustee of petitioner.  See Rules 60, 200.

We are not persuaded by the document relating to petitioner entitled "APPOINTMENT OF SUCCESSOR TRUSTEE" and "MINUTE OF TRUSTEE RESIGNATION" that Mr. Wilde and Mr. Chisum are duly appointed and authorized trustees of petitioner.  On the record before us, we find that petitioner has failed to establish that Mr. Wilde and Mr. Chisum are authorized to act on its behalf.[6]

To reflect the foregoing,

<u>An order denying petitioner's motion and an order of dismissal for lack of jurisdiction granting respondent's motion will be entered</u>.

---

[6]We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.