T.C. Memo. 2000-75


UNITED STATES TAX COURT


BULL HOLDINGS, A TRUST, JAMES R. SLAGLE & RUSSELL
BUCHANAN, TRUSTEES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 446-99.                          Filed March 3, 2000.


James R. Slagle and Russell W. Buchanan, for petitioner.

Richard A. Rappazzo, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction
(respondent's motion).  We shall grant respondent's motion.

## Background

For purposes of respondent's motion, the parties do not dispute the following factual allegations that are part of the record. At all relevant times, the mailing address for petitioner was in Arizona.

Petitioner filed a Federal income tax return for estates and trusts, Form 1041 (return), for taxable year 1994. Although petitioner showed on the first page of that return "James R. Slagle, Trustee" as the "Name and title of fiduciary",[1] that return was signed by Dennis H. Lawrence as "fiduciary or officer representing" trust. Petitioner's 1994 return was also signed by R.W. Buchanan as paid return preparer. In the Schedule K-1 attached to the 1994 return filed by petitioner, the beneficiary was identified as Dennis H. Lawrence, but no fiduciary was identified as required by that schedule.

Upon commencement of the examination of petitioner's taxable year 1994, respondent requested complete copies of the trust documents relating to petitioner as well as other items of substantiation. Petitioner refused to provide respondent with the trust documents and other information requested.

---

[1]Although all the other entries in petitioner's 1994 return, except for signatures, were typewritten, the name "James R. Slagle, Trustee" was handwritten on the first page of that return.

On March 4, 1998, petitioner filed with the Internal Revenue Service Form 2848, Power of Attorney and Declaration of Representative. That form, which pertained to petitioner's taxable years 1994, 1995, and 1996, was signed by James R. Slagle (Mr. Slagle) as trustee and by Russell W. Buchanan (Mr. Buchanan) as trustee. Attached to the Form 2848 filed by petitioner were two Forms 56, Notice Concerning Fiduciary Relationship, and two documents entitled "ACCEPTANCE OF THE TRUST BY THE TRUSTEE". One of those Forms 56 identified Russell W. Buchanan as the fiduciary for petitioner and was signed by him as trustee. The other Form 56 identified James R. Slagle as the fiduciary for petitioner and was signed by him as trustee.

One of the two documents entitled "ACCEPTANCE OF THE TRUST BY THE TRUSTEE" that were attached to the Form 2848 filed by petitioner with respect to its taxable years 1994, 1995, and 1996 stated in pertinent part:

> I/WE, DENNIS H. LAWRENCE & MELISSA R. LAWRENCE, the Creator(s) of BULL HOLDINGS, A TRUST, do hereby select and appoint JAMES R. SLAGLE * * * as the trustee on the  1st  day of  January , 19 94 .
>
> *     *     *     *     *     *     *
>
> I, JAMES R. SLAGLE, * * * do hereby accept the position as a trustee of BULL HOLDINGS, A TRUST, * * *.

The foregoing document contains signatures that purport to be the signatures of Dennis H. Lawrence, Melissa R. Lawrence, and James R. Slagle.

The other document entitled "ACCEPTANCE OF THE TRUST BY THE TRUSTEE" stated in pertinent part:

> I, __James R. Slagle__ , the Trustee of BULL HOLDINGS, A
> TRUST, do hereby select and appoint:
>
> > __Russell W. Buchanan__
> > Name of New Trustee
>
>      *      *      *      *      *      *      *
>
> as a trustee of BULL HOLDINGS A TRUST, on the __1st__ day
> of __February__ , 19__94__ .
>
>      *      *      *      *      *      *      *
>
> I, __Russell W. Buchanan__ , * * * do hereby accept the
> position as a trustee of BULL HOLDINGS, A TRUST * * *.

The foregoing document contains signatures that purport to be the signatures of James R. Slagle and Russell W. Buchanan.

The notice of deficiency issued to petitioner was addressed as follows:

> Bull Holdings, A Trust
> James R. Slagle, Trustee
> 2256 E. Jaeger St.
> Mesa, Arizona 85213-2933

Petitioner filed a petition in this Court which was signed on its behalf by Mr. Slagle as "Trustee" and by Mr. Buchanan as "Trustee".

Respondent's motion contends in pertinent part:

> 8. * * * Upon information and belief, the peti-
> tioner trust is an Arizona trust, and the law in Ari-
> zona, therefore, controls who has the capacity to bring
> the instant suit.

9.  Arizona law provides that the trustee has the capacity to institute court proceedings on behalf of the trust.  Ariz. Rev. Stat. Ann. § 14-7233 C. 25.

    *       *       *       *       *       *       *

13.  To date, petitioner has not provided respondent with any trust document or any other sort of documentary evidence regarding who was the first appointed trustee of the petitioner trust.  Without the trust document, it is impossible to determine whether subsequent appointments of successor trustees are legal and/or valid.

14.  There is absolutely no evidence from which the Court can adduce that the documents referred to * * * above [the two Forms 56 and the two documents entitled "ACCEPTANCE OF THE TRUST BY THE TRUSTEE" that were attached to the Form 2848 filed by petitioner], create a legal assignment to either James R. Slagle and/or Russell Buchanan as trustees.  These documents appear to be self-serving and created solely in response to respondent's audit examination.

15.  Petitioner has provided no evidence that said assignments are valid or authorized under the terms of the trust indenture (assuming one exists).

16.  * * * petitioner has failed to demonstrate that either James R. Slagle or Russell Buchanan were [sic] legally appointed as trustees and therefore, [is] authorized to act on behalf of the petitioner trust and bring the instant case before this Court. See T.C. Rule 60(c).

Petitioner filed a notice of objection to respondent's motion in which it asks the Court to deny that motion.  That notice of objection asserts in pertinent part:

1.  On October 7, 1998, respondent sent a Notice of Deficiency to petitioner.  In that Notice of Deficiency, respondent identified James R. Slagle & Russell W. Buchanan as the Trustees for petitioner, BULL HOLDINGS, A Trust.

2. Petitioner has filed the appropriate Form 56 in which James R. Slagle and Russell W. Buchanan have identified themselves as trustees of the said trust and attached as supporting documentation the Acceptance of the Trust by the Trustee. These documents show that each was appointed as a trustee of BULL HOLDINGS, A Trust, and that each signed acknowledging their acceptance of said appointment.

3. Upon commencement of the examination, respondent requested a copy of all documents relating to the trust. Petitioner requested that respondent first proves [sic] jurisdiction over a Pure Trust in order to make such a request. Respondent has failed on all requests to present to the petitioner any documents or proof that respondent has authority to examine the records or documentation of BULL HOLDINGS, A Trust. Respondent is now using the Motion to Dismiss for Lack of Jurisdiction in an effort to force petitioner to hand over to respondent, records and documents it is not entitled to have.

4. Respondent has recognized James R. Slagle as a Trustee of BULL HOLDINGS, A Trust for many years. Respondent routinely addresses all correspondence to "BULL HOLDINGS, A Trust; James R. Slagle, Trustee".
* * *

The Court held a hearing on respondent's motion, at which Mr. Slagle and Mr. Buchanan appeared on behalf of petitioner.[2] Respondent introduced into evidence the 1994 return filed by petitioner. Petitioner proffered no evidence, and the parties presented no new arguments, at that hearing.

---

[2]At the hearing, the Court informed Mr. Slagle and Mr. Buchanan that its allowing them to appear at the hearing as the alleged trustees of petitioner did not mean that the Court agreed that they in fact were petitioner's duly appointed and authorized trustees.

## Discussion

Rule 60[3] provides in pertinent part:

>     (a) Petitioner: (1) <u>Deficiency or Liability Actions</u>: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 23(a)(1). A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. * * *
>
>     *     *     *     *     *     *     *
>
>     (c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

Petitioner does not dispute respondent's statement in respondent's motion that it is a trust organized under the laws of the State of Arizona. Under Arizona law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust. See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995). In the instant case, petitioner has the burden of proving that this Court has jurisdiction, see <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>National Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdic-

---

[3]All Rule references are to the Tax Court Rules of Practice and Procedure.

tion, see <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Consolidated Cos., Inc. v. Commissioner</u>, 15 B.T.A. 645, 651 (1929). In order to meet that burden, petitioner must provide evidence establishing that Mr. Slagle and Mr. Buchanan have authority to act on its behalf. See <u>National Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, <u>supra</u> at 839-840; <u>Coca-Cola Bottling Co. v. Commissioner</u>, 22 B.T.A. 686, 700 (1931).

We are not persuaded by the various documents that are part of the record, including the documents entitled "ACCEPTANCE OF THE TRUST BY THE TRUSTEE", that Mr. Slagle and Mr. Buchanan are the duly appointed and authorized trustees of petitioner. In this connection, it is significant that petitioner has not made part of the record the complete trust documents for petitioner (assuming such documents exist).[4] Without such documents, we are unable to determine whether the appointment of one or more trustees is valid. On the record before us, we find that petitioner has failed to establish that either Mr. Slagle or Mr. Buchanan is authorized to act on its behalf.[5]

---

[4]Nor has petitioner introduced into the record any other documentary evidence establishing who the first appointed trustee of petitioner was.

[5]We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

An order of dismissal for lack
of jurisdiction granting respon-
dent's motion will be entered.