T.C. Memo. 2000-247

UNITED STATES TAX COURT

QUANTUM INVESTMENTS, L.L.C., TROY ENTERPRISES TRUST,
JOHN P. WILDE, TRUSTEE, TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17894-99.                      Filed August 8, 2000.

John P. Wilde, for petitioner.

John W. Duncan, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

Background

On September 2, 1999, respondent mailed a notice of final partnership administrative adjustment (notice) to the tax matters partner of Quantum Investments, L.L.C. (Quantum). At all relevant times, Quantum was a limited liability company that is classified as a partnership because it did not make an election to be taxed as a corporation. On November 29, 1999, Troy Enterprises Trust (petitioner) filed a petition with this Court as the tax matters partner. Petitioner is a trust organized under the laws of Arizona. John P. Wilde (Mr. Wilde) signed the petition, wherein he identified himself as "trustee". Below the signature line, however, he identified himself as trustee of "Educational Enterprises Trust".[1]

During the examination of Quantum's 1995 taxable year (to which the notice relates), respondent was not able to obtain the trust document of or information relating to petitioner.

On January 27, 2000, respondent filed a motion to dismiss for lack of jurisdiction (respondent's motion) on the ground that pursuant to Rule 60, Mr. Wilde is not the proper party to bring this action because there is no evidence in the record supporting petitioner's claim that Mr. Wilde is its trustee. On February 2, 2000, the Court ordered petitioner to file a response to

_____

[1] There is no further reference to "Educational Enterprises Trust" in the pleadings or in the record.

respondent's motion and to attach a copy of the trust instrument showing Mr. Wilde's capacity to act on behalf of petitioner or to otherwise advise the Court of Mr. Wilde's capacity to represent petitioner in these proceedings.

On February 22, 2000, petitioner filed a response to respondent's motion (petitioner's response).  In petitioner's response, petitioner argues that Mr. Wilde is its trustee and thus the proper party to bring this action.  In support of its contention, petitioner attached a document entitled "Minute-- Morgan Kramer & Strauss L.L.C." (the minutes).  The minutes provide, in relevant part:

> A special meeting of the members has been called for the purpose of amending the purpose and operation of the L.L.C.
>
>    *     *     *     *     *     *     *
>
> It is hereby resolved that it is in the best interest of all parties concerned to replace the trustee on all trusts where the LLC is named.  To this end and in fulfilling the requirements for succession John P. Wilde and Jimmy Chisum have been selected as successors.
>
> By agreement the appointment of Wilde and Chisum and the withdrawal of Stern and Stein are simultaneous and signatures hereto signify a full and total change in trusteeship, responsibility, custody and ownership of corpus, papers, and all legal affairs.  [Emphasis added.]

Cliff Jennewin and Richard Scarborough signed the minutes on behalf of Morgan, Kramer & Strauss L.L.C. (Morgan, Kramer).  Mr. Wilde and Jimmy Chisum (Mr. Chisum) also signed the minutes to

signify that they accepted the appointment as trustees.

In petitioner's response, it further argues:

the issue concerning Mr. Wilde's capacity as Trustee
falls within the exclusive jurisdiction of the superior
court here in the State of Arizona. * * * At this
point, this court is without jurisdiction to examine
the matter beyond the minute[s] appointing Mr. Wilde as
Trustee and determine whether he is the duly authorized
Trustee.  In absence of evidence to the contrary the
appointment of John P. Wilde as a Trustee, in the
minute[s] * * * is presumptively valid unless some
provision of Arizona Law or a court of competent
jurisdiction under the laws of the State of Arizona
have found that the appointment to be invalid.  The
Petitioner need not remind the Court of the
consequences of taking any action over which subject
matter is completely lacking.

On March 15, 2000, respondent replied to petitioner's response.  On June 5, 2000, we held a hearing on respondent's motion wherein Mr. Wilde appeared on behalf of petitioner.[2]  At the hearing, Mr. Wilde submitted a document entitled "Trustee Declaration and Certification" (certification) which was prepared by Mr. Chisum, an alleged current trustee of petitioner.  The certification purports to describe petitioner's chain of trustees beginning with Morgan, Kramer and ending with Mr. Wilde and Mr. Chisum.  The certification also included an incomplete document purporting to be the trust document of petitioner (purported trust document).

---

[2]  At the hearing, the Court informed Mr. Wilde that its allowing him to appear at the hearing as the alleged trustee of petitioner did not mean that the Court agreed that he in fact was a duly appointed and authorized trustee of petitioner.

The purported trust document has an unnumbered cover page entitled "Contract", which states that petitioner is "An Irrevocable Pure Trust" and that Morgan, Kramer is the trustee. The cover page further states that the "Contract" was executed "under the laws of the Constitution for the United States of America and the Constitution for the State of Delaware". Behind the cover page, two pages (labeled pages 5 and 6) describe the management of the trust, the replacement of the trustee, meetings of a board, the alteration or amendment of the trust document, and the termination of the trust.[3] The purported trust document provides in pertinent part:

REPLACEMENT OF TRUSTEE

33. The Trustee may be replaced in any of the following manners:

A. Resignation. The Trustee may resign with or without cause at any time by sending a notice of his intention to do so to the Trust principle office by Certified Mail. However, such resignation shall not be effective unless and until such time as a Successor Trustee has accepted the appointment to assume the duties and responsibilities of Trustee on the expiration date of the outgoing Trustee, or thirty days after receipt of the resignation, whichever occurs first.

---

[3] The purported trust document also includes three pages (numbered 10, 11, and 12) dealing with the creation of the trust and the appointment and acceptance of Morgan, Kramer as trustee. We note that pages 1 through 4 and 7 through 9 are missing. We also note that the purported trust document appears to have inconsistent imprinting on each of its pages. The cover page and pages 5, 6, 10, and 11 have the imprint "Troy Enterprises", while page 12, which deals with Morgan, Kramer's acceptance as trustee, has the imprint "Troy Investments".

B. <u>Removal</u>. Upon complaint for proper cause by any agent or person appointed by the Trust, the Protector shall appoint a Committee of Arbitrators (hereinafter referred to as the Committee), to investigate the complaint.

1. The Committee shall consist of three (3) persons independent of the Trust.

2. The Committee shall have the power, upon meeting, investigation, and a two-thirds (2/3) majority vote, to remove the Trustee for the following specific reasons constituting proper cause: a) insolvency, b) negligence, c) incompetence, or d) failure to perform fiduciary duties under the terms of the Contract.

At trial, we admitted the certification and purported trust document into evidence, but we stated that we would give them "whatever weight [they were] entitled to."

Discussion

This Court is a court of limited jurisdiction. See <u>Freytag v. Commissioner</u>, 501 U.S. 868, 870 (1991). With respect to a notice of a final partnership administrative adjustment, jurisdiction may be predicated upon the timely filing of a petition by the tax matters partner. See sec. 6226(a); Rule 240(c)(1). The petition may be filed by a fiduciary entitled to institute a case on behalf of the tax matters partner. The capacity of a fiduciary to litigate in this Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. See Rule 60(c).

The parties treat petitioner as a trust organized under the laws of Arizona. Pursuant to Rule 60(c), Arizona law therefore

applies in determining the capacity of a fiduciary to petition this Court. Under Arizona law, a trustee has the capacity to institute court proceedings on behalf of a trust and is thus the proper party to file a petition on behalf of a trust in this Court. See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25 (West 1995).

Petitioner bears the burden of proving that this Court has jurisdiction by establishing affirmatively all facts giving rise to our jurisdiction. See Patz v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); National Comm. to Secure Justice v. Commissioner, 27 T.C. 837, 839 (1957); Consolidated Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929). In order to meet that burden, petitioner must provide evidence establishing that Mr. Wilde has authority to act on its behalf. See National Comm. to Secure Justice v. Commissioner, supra at 839-840; Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).

Petitioner submitted the minutes as evidence. The minutes purport to be the minutes of Morgan, Kramer. Within the minutes, however, there is a reference to "Stern & Stein" which implies that the minutes are documenting the withdrawal of Stern & Stein as trustee and not the withdrawal of Morgan, Kramer as trustee. We note that Mr. Wilde was recently involved in another matter before this Court, Renaissance Enters. Trust v. Commissioner,

T.C. Memo. 2000-226, wherein Mr. Wilde claimed that he was appointed trustee by the resigning trustee, Stern & Stein.  In Renaissance Enters. Trust, Mr. Wilde submitted minutes from Stern & Stein as proof of his appointment which mirror the minutes submitted in this case except for the title on the top of the document.  It appears that Mr. Wilde simply copied the minutes submitted in Renaissance Enters. Trust and submitted them as Morgan, Kramer's minutes in the present case.  We therefore question the authenticity of the minutes.

At the hearing, Mr. Wilde submitted on behalf of petitioner the certification and the purported trust document.[4]  Petitioner alleges that the certification and the purported trust document attest to the chain of petitioner's trustees and show that Mr. Wilde is a current trustee of petitioner.  The purported trust document is incomplete, and when both it and the certification are viewed in light of the questionable minutes submitted by Mr. Wilde, we are not persuaded by these documents that Mr. Wilde is the duly appointed and authorized trustee of petitioner.

---

[4]  In Troy Enters. Trust v. Commissioner, T.C. Memo. 2000-227, which we recently decided, the Commissioner filed a motion to dismiss for lack of jurisdiction based on the Commissioner's assertion that Mr. Wilde was not a trustee of Troy Enterprises Trust or Yale Enterprises Trust.  In Troy Enters. Trust, we held that Mr. Wilde did not have the requisite capacity to file a petition on behalf of Troy Enterprises Trust and Yale Enterprises Trust.  In that case, however, the certification and purported trust document were not part of the record.  Because those documents are part of the record in the instant case, we review them in making our determination in this case.

In view of the evidentiary shortcomings in the record, we find that Mr. Wilde has failed to establish the requisite capacity to file a petition on behalf of petitioner in this Court.[5]  We therefore shall grant respondent's motion.

To the extent not herein discussed, we have considered petitioner's other arguments and find them to be without merit.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal will be entered</u>.

---

[5]  We note that Mr. Wilde is no stranger to this Court. Recently, in addition to the petition in <u>Renaissance Enters. Trust v. Commissioner</u>, T.C. Memo. 2000-226, mentioned earlier, Mr. Wilde filed petitions in <u>Scenic Wonders Gallery, LLC v. Commissioner</u>, T.C. Memo. 2000-64, and <u>Photo Art Mktg. Trust v. Commissioner</u>, T.C. Memo. 2000-65.  In those cases, we granted the Commissioner's motions to dismiss for lack of jurisdiction on the ground that Mr. Wilde lacked the requisite capacity to file petitions on behalf of those taxpayers.

Additionally, Mr. Chisum, who is listed as cotrustee in the minutes and certification submitted by petitioner in the instant case, has filed petitions in at least three similar cases where motions to dismiss for lack of jurisdiction were granted on similar grounds.  See <u>Banana Moon Trust v. Commissioner</u>, T.C. Memo. 2000-73 (holding Mr. Chisum did not have the requisite capacity to file a petition on behalf of the taxpayers); <u>Jeff Burger Prods., LLC v. Commissioner</u>, T.C. Memo. 2000-72 (similar holding); <u>Bantam Domestic Trust v. Commissioner</u>, T.C. Memo. 2000-63 (similar holding).