T.C. Memo. 2002-62

UNITED STATES TAX COURT

MILDRED I. CRISS, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9700-00, 9701-00,        Filed March 5, 2002.
    9702-00.

John M. Tkacik, Jr., for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  These consolidated cases are before us on
respondent's motion to dismiss for lack of prosecution and to
impose sanctions under section 6673[2] in the case at docket No.

_____

[1]Cases of the following petitioners are consolidated here-
with:  Daryl E. Criss, docket No. 9701-00, and Criss Asset
Management Trust, docket No. 9702-00.

[2]All section references are to the Internal Revenue Code
                                        (continued...)

9700-00 (respondent's motion in the case at docket No. 9700-00),
respondent's motion to dismiss for lack of prosecution and to
impose sanctions under section 6673 in the case at docket No.
9701-00 (respondent's motion in the case at docket No. 9701-00),
and respondent's motion to hold petitioner in default in the case
at docket No. 9702-00 (respondent's motion in the case at docket
No. 9702-00).  (We shall refer collectively to those three
motions as respondent's motions.)  At the request of respondent,
on October 15, 2001, the Court held a trial in order to enable
respondent to present evidence to satisfy the burden of produc-
tion under section 7491(c) that respondent maintains respondent
has with respect to:  (1) The accuracy-related penalty under
section 6662(a) that respondent determined for each of the
taxable years 1996 and 1997 in the notice of deficiency (notice)
issued to Mildred I. Criss (Ms. Criss) in the case at docket No.
9700-00; (2) the accuracy-related penalty under section 6662(a)
for each of the taxable years 1996 and 1997 that respondent
determined in the notice issued to Daryl E. Criss (Mr. Criss) in
the case at docket No. 9701-00; and (3) the addition to tax under
section 6651(a)(1) for the taxable year 1997 that respondent
determined in the notice issued to Criss Asset Management Trust

[2](...continued)
(Code) in effect at all relevant times.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

(Criss Trust)[3] in the case at docket No. 9702-00.[4]

## Background

The record establishes and/or the parties do not dispute the following:

At the time the respective petitions in these cases were filed, Ms. Criss, Mr. Criss, and Criss Trust listed in those petitions the same address in Massillon, Ohio.

Ms. Criss filed Form 1040, U.S. Individual Income Tax Return (return), for each of the taxable years 1996 and 1997. During respondent's examination of Ms. Criss' 1996 and 1997 returns and thereafter, Ms. Criss provided no books, records, or other information to respondent establishing the income reported and the expense deductions claimed in those returns.

In the notice issued to Ms. Criss, respondent determined, inter alia, that Ms. Criss is liable for each of the taxable

---

[3]When referring in this Opinion to Criss Asset Management Trust and Criss Trust, our use of the word "Trust" and any similar words is for convenience only and is not intended to convey any meaning or have any significance for Federal tax purposes.

[4]In the notice issued to Criss Trust, respondent also determined to impose the accuracy-related penalty under sec. 6662(a) for each of the taxable years 1996 and 1997. At the trial, respondent indicated that respondent was abandoning pursuing the determinations in the notice issued to Criss Trust to impose the penalty under sec. 6662(a) for each of the taxable years 1996 and 1997. In respondent's brief filed after the trial, respondent makes no reference to the addition to tax under sec. 6651(a)(1) for the taxable year 1997 that respondent determined in the notice issued to Criss Trust.

years 1996 and 1997 for the accuracy-related penalty under section 6662(a) because of: (1) Negligence or disregard of rules or regulations under section 6662(b)(1) or (2) substantial understatement of income tax under section 6662(b)(2).

Prior to and including the tax years 1996 and 1997, Mr. Criss, Ms. Criss' son, operated a trucking business.

Mr. Criss filed a return for each of the taxable years 1996 and 1997. According to the respective Schedules C, Profit or Loss From Business (Schedule C), included with Mr. Criss' 1996 and 1997 returns, Mr. Criss received income from his trucking business of $115,483 for 1996 and $75,560 for 1997. In each of Mr. Criss' 1996 and 1997 Schedules C, Mr. Criss indicated that his Schedule C trucking business income was reported by or assigned to employer identification No. (EIN) 34-1840319, which was the EIN for Criss Family Limited Partnership (Criss Partnership).[5]

During respondent's examination of Mr. Criss' 1996 and 1997 returns and thereafter, Mr. Criss provided no books, records, or other information to respondent establishing the income reported and the expense deductions claimed in those returns. In the notice that respondent issued to Mr. Criss, respondent deter-

---

[5]When referring in this Opinion to Criss Family Limited Partnership and Criss Partnership, our use of the word "Partnership" and any similar words is for convenience only and is not intended to convey any meaning for Federal tax purposes.

mined, inter alia, that Mr. Criss is liable for each of the taxable years 1996 and 1997 for the accuracy-related penalty under section 6662(a) because of: (1) Negligence or disregard of rules or regulations under section 6662(b)(1) or (2) substantial understatement of income tax under section 6662(b)(2).

Criss Trust filed Form 1041, U.S. Income Tax Return for Estates and Trusts (trust return), for each of the taxable years 1996 and 1997. In Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc. (Form 1041 Schedule K-1), that Criss Trust included with each of its 1996 and 1997 trust returns, Criss Trust indicated that Mr. Criss was a beneficiary and a fiduciary of Criss Trust. In a separate Form 1041 Schedule K-1 that Criss Trust included with each of its 1996 and 1997 trust returns, Criss Trust indicated that Ms. Criss was a beneficiary of Criss Trust.

In each of its 1996 and 1997 trust returns, Criss Trust deducted depreciation with respect to Ms. Criss' personal residence that she had transferred to Criss Trust at a time that is not disclosed by the record. Criss Trust also deducted other amounts in its 1996 and 1997 trust returns for personal expenses of Ms. Criss and/or Mr. Criss.

During respondent's examination of Criss Trust's 1996 and 1997 trust returns and thereafter, no books, records, or other information was provided to respondent establishing (1) the

jurisdiction under the laws of which Criss Trust was purportedly organized, (2) the person who is authorized to act on behalf of Criss Trust, and (3) that Criss Trust was at all relevant times a trust cognizable for Federal tax purposes. Nor did Criss Trust at any time provide any books, records, or other information to respondent establishing the income reported and the expense deductions claimed in Criss Trust's 1996 and 1997 trust returns.

In the notice issued to Criss Trust, respondent determined, inter alia, that Criss Trust is liable (1) for each of the taxable years 1996 and 1997 for the accuracy-related penalty under section 6662(a) and (2) for the taxable year 1997 for the addition to tax under section 6651(a)(1).

Criss Partnership filed Form 1065, U.S. Partnership Return of Income (partnership return), for each of the taxable years 1996 and 1997. Each of Criss Partnership's 1996 and 1997 partnership returns reported that Criss Partnership's principal business was a trucking activity. In Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., that Criss Partnership included with each of its 1996 and 1997 partnership returns, Criss Partnership indicated that Mr. Criss was a 12-percent general partner, and Ms. Criss was an 88-percent limited partner, of Criss Partnership. The income that Criss Partnership reported in its 1996 and 1997 partnership returns was generated from assets owned solely by Mr. Criss.

During respondent's examination of Criss Partnership's 1996 and 1997 partnership returns and thereafter, no books, records, or other information was provided to respondent establishing, inter alia, that Criss Partnership was a partnership cognizable for Federal tax purposes and that Ms. Criss owned a capital interest in Criss Partnership during 1996 and 1997. Nor did Criss Partnership at any time provide any books, records, or other information to respondent establishing the income reported and the expense deductions claimed in those returns and the assets, if any, that had been transferred to Criss Partnership.

James Binge (Mr. Binge) was the return preparer for each of Ms. Criss' 1996 and 1997 returns, each of Mr. Criss' 1996 and 1997 returns, each of Criss Trust's 1996 and 1997 trust returns, and each of Criss Partnership's 1996 and 1997 partnership returns. Respondent has identified Mr. Binge as an individual involved with purported trusts used for tax avoidance purposes.

On August 31, 2001, respondent filed separate motions to compel answers to interrogatories and to compel production of documents in each of the cases at docket Nos. 9700-00 and 9701-00. On September 19, 2001, the Court granted each of those motions. Neither Ms. Criss nor Mr. Criss answered respondent's interrogatories or produced the documents requested by respondent, as ordered by the Court on September 19, 2001.

On September 18, 2001, Ms. Criss in the case at docket No.

9700-00 filed a motion to dismiss that case, which the Court denied on September 19, 2001. On October 9, 2001, Ms. Criss in the case at docket No. 9700-00 filed a motion for entry of judgment in favor of petitioner in that case, which the Court denied on October 10, 2001. On October 9, 2001, Ms. Criss in the case at docket No. 9700-00 filed a motion to continue the trial in that case, which the Court denied on October 10, 2001.

On October 9, 2001, Mr. Criss in the case at docket No. 9701-00 filed a motion for entry of judgment in favor of petitioner in that case, which the Court denied on October 10, 2001. On October 9, 2001, Mr. Criss in the case at docket No. 9701-00 filed a motion to continue the trial in that case, which the Court denied on October 10, 2001.

On October 15, 2001, these cases were called from the Court's trial calendar at the Court's trial session in Cleveland, Ohio (Cleveland trial session). At that calendar call, there was no appearance by or on behalf of Ms. Criss, Mr. Criss, and Criss Trust. At that time, respondent orally moved to dismiss each of these cases for failure to prosecute, and respondent requested, and the Court held, a trial because, according to respondent, respondent has the burden of production pursuant to section 7491(c) with respect to the respective penalties under section 6662(a) for 1996 and 1997 that respondent determined against Ms. Criss and against Mr. Criss and with respect to the addition to

tax under section 6651(a)(1) for 1997 that respondent determined against Criss Trust.[6]  At the trial in these cases on October 15, 2001, there was no appearance by or on behalf of Ms. Criss, Mr. Criss, or Criss Trust.

On November 13, 2001, respondent filed a written motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in the case at docket No. 9700-00, a written motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in the case at docket No. 9701-00, and a written motion to hold petitioner in default in the case at docket No. 9702-00.

On December 3, 2001, the Court sua sponte issued an Order (December 3, 2001 Show Cause Order) directing each party in the case at docket No. 9702-00 in which Criss Asset Management Trust is named as petitioner to

> show cause in writing why the Court has jurisdiction
> over this case, including the identity of any purported
> fiduciary of petitioner and a detailed analysis of why
> such purported fiduciary has the capacity to litigate
> in the Court on behalf of petitioner.

On December 19, 2001, respondent filed a written response to the December 3, 2001 Show Cause Order in which respondent contended, inter alia, that

---

[6]However, in the brief that respondent filed after the trial, respondent makes no mention of respondent's determination that Criss Trust is liable for the addition to tax under sec. 6651(a)(1).  See supra note 4.

11.  Criss Asset Management Trust failed to establish that a trustee, if authorized, acted on its behalf when the purported petition was filed with the Court on September 14, 2000.

12.  Criss Asset Management Trust failed to file a proper petition with this Court in that the petition was not brought by and with the full descriptive name of the fiduciary entitled to institute a case on its behalf.

13.  Since the petition in this case was not brought by a party with proper capacity as required by the Tax Court Rules of Practice and Procedure, the Court lacks jurisdiction in the above-entitled case [at docket No. 9702-00].

On December 20, 2001, Criss Trust filed a response to the December 3, 2001 Show Cause Order (Criss Trust's response to the December 3, 2001 Show Cause Order), which was signed by Terrence A. Bentivegna (Mr. Bentivegna) who identified himself in that response as "Trustee".  That response asserted that "Petitioner does not believe that this Court has jurisdiction."  In support of that position, Criss Trust's response to the December 3, 2001 Show Cause Order set forth statements and contentions that the

Court finds to be frivolous and/or groundless.[7]

------

[7]Criss Trust's response to the December 3, 2001 Show Cause Order stated in pertinent part:

1. Petitioner petitioned this Court after having received false and misleading information from the respondent and attorneys David Wise and his associate Carol Jackson. The respondent has failed to properly assess any taxes in accordance with their required administrative procedures, and yet advised the petitioner that the only method of disagreeing with the purported tax liability was to petition this Court.

    *        *        *        *        *        *        *

3. This Courts' [sic] order states ". . . petitioner purports to be a trust . . ." Petitioner **is** a trust, and the respondent has never been able to prove otherwise. Nor does the respondent have the right or ability to set aside a contract.

    *        *        *        *        *        *        *

5. Petitioner does not want this false tax claim to be litigated in court, and has petitioned this Court to have this case removed from the docket as having been petitioned in error due to the erroneous instructions given by the respondent.

**WHEREFORE** it is prayed that:

1. This Court dismiss this case at petitioner's request as the original petition was issued in error due to false directions given to petitioner by respondent. Petitioner believes that he has the right to correct his mistake and withdraw the original petition.

2. This Court and the respondent recognize the petitioner as a Trust and cease attempting to set aside a contract in direct opposition to the Constitution of the United States of America.

3. This court sanction the respondent for using this

(continued...)

On January 16, 2002, petitioner in each of the cases at docket Nos. 9700-00 and 9701-00 filed a response to respondent's motion in each such case to dismiss for lack of prosecution and to impose sanctions under section 6673. On January 16, 2002, Criss Trust filed a response to respondent's motion to hold petitioner in default in the case of docket No. 9702-00. Each of those respective responses contained arguments and contentions that the Court found in an Order dated January 17, 2002 (January 17, 2002 Order) to be frivolous and/or groundless. In the January 17, 2002 Order that the Court issued in each of these cases, the Court reminded each petitioner about section 6673(a)(1).[8] The Court's respective January 17, 2002 Orders in

---

[7](...continued)
Court for illegal purposes. Respondent has no legal tax claim as petitioner has noted to respondent and this Court on numerous occasions. Without a legal claim, respondent fraudulently instructed petitioner to use this Court to legitimize his illegal attempt to deprive petitioner of his assets.

    *      *      *      *      *      *      *

4. This Court instruct the respondent to cease, now and forever, harassment of petitioner.

[8]Sec. 6673(a)(1) states:

SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.

    (a) Tax Court Proceedings.--

        (1) Procedures instituted primarily for de-
                            (continued...)

the cases at docket Nos. 9700-00 and 9702-00 were not the first occasions on which the Court reminded Ms. Criss and Criss Trust about section 6673(a)(1).[9]

Discussion

Criss Trust

On December 3, 2001, the Court sua sponte issued the December 3, 2001 Show Cause Order regarding the Court's jurisdiction over the case at docket No. 9702-00.

Rule 60 provides in pertinent part:

> (a) Petitioner:  (1) <u>Deficiency or Liability</u>

---

[8](...continued)
lay, etc.--Whenever it appears to the Tax Court that--

>> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

>> (B) the taxpayer's position in such proceeding is frivolous or groundless, or

>> (C) the taxpayer unreasonably failed to pursue available administrative remedies,

> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

[9]On Sept. 19, 2001, the Court issued a separate Order in each of the cases at docket Nos. 9700-00 and 9702-00 with respect to the motion filed by each petitioner to compel answers to interrogatories.  In each of those two Orders dated Sept. 19, 2001, the Court found that each such motion, including attachments thereto, contained contentions, statements, and/or arguments that the Court found to be groundless and/or frivolous, and the Court reminded petitioner in each of those cases about sec. 6673(a)(1).

Actions:  A case shall be brought by and in the name of
the person against whom the Commissioner determined the
deficiency (in the case of a notice of deficiency)
* * * or by and with the full descriptive name of the
fiduciary entitled to institute a case on behalf of
such person.  See Rule 23(a)(1).  A case timely brought
shall not be dismissed on the ground that it is not
properly brought on behalf of a party until a reason-
able time has been allowed after objection for ratifi-
cation by such party of the bringing of the case; and
such ratification shall have the same effect as if the
case had been properly brought by such party. * * *

    *        *        *        *        *        *        *

    (c)  Capacity:  * * * The capacity of a fiduciary
or other representative to litigate in the Court shall
be determined in accordance with the law of the juris-
diction from which such person's authority is derived.

The record does not establish where Criss Trust was orga-
nized.  The petition in the case at docket No. 9702-00 listed an
address for Criss Trust in Massillon, Ohio,[10] which is also the
service address used by the Court in that case.  Assuming
arguendo that Criss Trust were a trust organized under the laws
of the State of Ohio, the administration of which is subject to
the laws of that State, under Ohio law, see Rule 60(c), a trustee
generally is the proper party authorized to act on behalf of a
trust.  Firestone v. Galbreath, 976 F.2d 279, 284 (6th Cir.
1992); Saxton v. Seiberling, 48 Ohio St. 554, 29 N.E. 179 (1891);

---

[10]The Ohio address listed in the petition in the case at
docket No. 9702-00 is the same address listed by petitioners in
the respective cases at docket Nos. 9700-00 and 9701-00.

- 15 -

see Ohio R. Civ. P. 17(A).[11]

In the case at docket No. 9702-00, Criss Trust has the burden of proving that this Court has jurisdiction, see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Natl. Comm. to Secure Justice in the Rosenberg Case v. Commissioner, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929).  In order to meet that burden, Criss Trust must provide evidence establishing who has the authority to act on its behalf in the proceeding at docket No. 9702-00.  See Natl. Comm. to Secure Justice in the Rosenberg Case v. Commissioner, supra at 839-840; Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).

On the instant record, we find that Criss Trust has failed to establish who has the authority to act on its behalf in the

---

[11]Ohio R. Civ. P. 17(A) provides in pertinent part:

**RULE 17.  Parties plaintiff and defendant; capacity**

**(A) Real party in interest.**  Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * * [Emphasis added.]

proceeding at docket No. 9702-00. We further find on that record that the case at docket No. 9702-00 was not brought by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of Criss Trust, as required by Rule 60(a)(1). On the record before us, we conclude that we do not have jurisdiction over the case at docket No. 9702-00. Accordingly, we shall dismiss that case for lack of jurisdiction.[12]

Ms. Criss and Mr. Criss

Neither Ms. Criss nor any authorized representative of Ms. Criss appeared at the Court's Cleveland trial session on October 15, 2001, at the call of these consolidated cases from the Court's trial calendar. Neither Mr. Criss nor any authorized representative of Mr. Criss appeared at that calendar call.

At the trial held by the Court in the case at docket No. 9700-00, neither Ms. Criss nor any authorized representative of Ms. Criss appeared. At the trial held by the Court in the case at docket No. 9701-00, neither Mr. Criss nor any authorized representative of Mr. Criss appeared.

The respective written responses by Ms. Criss and Mr. Criss to respondent's respective motions to dismiss for lack of prosecution and to impose sanctions under section 6673 in the cases at

---

[12]Because we shall dismiss the case at docket No. 9702-00 for lack of jurisdiction, we shall deny respondent's written motion filed on Nov. 13, 2001, to hold Criss Trust in default in that case.

docket Nos. 9700-00 and 9701-00 do not contain any valid reason why those cases should not be dismissed for lack of prosecution. Those respective responses contained contentions and arguments that the Court found in the Court's January 17, 2002 Order to be frivolous and/or groundless.

Section 7491(c) provides in pertinent part:

SEC. 7491.  BURDEN OF PROOF.

(c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty * * *.

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax resulting from, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2). For purposes of section 6662(a), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the tax return, sec. 6662(d)(2)(A), and is substantial in the case of an individual if it exceeds the greater of 10 percent of the tax required to be shown in the return or $5,000, sec. 6662(d)(1)(A).  For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Negligence has also been defined as a lack of due care or failure to do what a reasonable person would

do under the circumstances.  <u>Leuhsler v. Commissioner</u>, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; <u>Antonides v. Commissioner</u>, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circum-stances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the tax-payer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Reliance on the advice of a professional, such as an accountant, does not necessarily demonstrate reasonable cause and good faith unless, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith.  <u>Id.</u>  In the case of claimed reliance on the accountant who prepared the taxpayer's tax return, the taxpayer must establish that correct information was provided to the accountant and that the item incorrectly omitted, claimed, or reported in the return was the result of the accoun-tant's error.  <u>Ma-Tran Corp. v. Commissioner</u>, 70 T.C. 158, 173 (1978).

On the record before us, we find that respondent has satisfied the burden of production that respondent maintains respondent has with respect to the respective accuracy-related penalties under section 6662(a) that respondent determined to impose on Ms. Criss and on Mr. Criss for the taxable years 1996 and 1997.[13]

Based on our examination of the entire record before us, we shall grant respondent's motion in each of the cases at docket Nos. 9700-00 and 9701-00 in that we shall dismiss each of those cases for failure by petitioner in each such case to prosecute such case, and we shall enter a decision in each of those cases sustaining the determinations that respondent made in the notice to which each such case pertains.

In respondent's motions in the cases at docket Nos. 9700-00 and 9701-00, respondent also asks the Court to impose a penalty under section 6673(a)(1) on petitioner in each of those cases. As grounds therefor, respondent contends that each of those petitioners (1) instituted proceedings in the Court primarily for delay, (2) advanced frivolous and groundless positions in such proceedings, and (3) unreasonably failed to pursue administrative remedies.

---

[13]We are not deciding in the cases at docket Nos. 9700-00 and 9701-00 whether the Commissioner of Internal Revenue has the burden of production in cases subject to sec. 7491(c) when a taxpayer fails to appear for trial.

On the record before us, we find that Ms. Criss instituted the proceedings in the case at docket No. 9700-00 primarily for delay. We also find on that record that Ms. Criss' position in the case at docket No. 9700-00 was frivolous and/or groundless. On the record before us, we shall impose a penalty on Ms. Criss pursuant to section 6673(a)(1) in the amount of $3,000.

On the record before us, we find that Mr. Criss instituted the proceedings in the case at docket No. 9701-00 primarily for delay. We also find on that record that Mr. Criss' position in the case at docket No. 9701-00 was frivolous and/or groundless. On the record before us, we shall impose a penalty on Mr. Criss pursuant to section 6673(a)(1) in the amount of $20,000.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction and denying respondent's motion will be entered in the case at docket No. 9702-00, and an appropriate order granting respondent's motion and decision will be entered in each of the cases at docket Nos. 9700-00 and 9701-00 sustaining respondent's determinations and imposing a penalty under section 6673(a)(1) in each of those two cases.</u>